**STANLEY STORES, INC. d/b/a Price Lo Foods, Appellant,**

v.

**Katherine VEAZEY, Appellee.**

**No. 09–91–169 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 17, 1992.

Rehearing Denied Oct. 22, 1992.

Louis H. Knabeschuh, Jr., Orgain, Bell & Tucker, Beaumont, for appellant.

Cris E. Quinn, Reaud, Morgan & Quinn, Inc., Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This case presents questions of appropriate jury submission of a case involving a slip and fall incident in appellant's store.

Factually, on or about July 17, 1988, appellee, Katherine Veazey, was shopping in appellant's store in Vidor, Orange County, Texas. While shopping, appellee slipped on a clear liquid and fell to the floor. Appellant's assistant store manager, Mr. Sam Billingsley, was in a back room of the store checking a load of groceries when an employee notified him that a lady had fallen on aisle two. Upon Mr. Billingsley's inspection of the area, he found "a small puddle of water and a paper cup." The cup was a small trial-type similar to those being used in the store at that time in promotion of a Pepsi display. Mr. Billingsley inspected the liquid noting that it was clear and looked like water. The soft drink promotion was for Pepsi Cola and Slice. Mr. Billingsley concluded that the substance on the floor was either Slice or possibly water since the water fountain was near the Pepsi promotion. The Pepsi display was located near the front entrance of the store quite some distance from where appellee fell. There is no evidence showing how the small cup and the clear substance came to rest in its location.

Other evidence admitted at trial showed that the air conditioning units located on the roof of appellant's building had been repaired on March 29, 1988, May 6, 1988, May 27, 1988, and July 18, 1988. Evidence indicated that there had been in excess of 15 leaks during a period of time from 1983 to 1984. The roof was eventually replaced but continued to leak into 1987. There had been rain showers in the immediate area the day prior to the date appellee slipped and fell. There were also water marks on the ceiling of the store indicating that there had been leaks.

Appellee's original petition sought to hold appellant liable under a premise defect theory alleging that the floor condition constituted a dangerous condition or unreasonable risk of harm. At the conclusion of the evidence and as a part of the charge conference, appellee sought and was granted leave to file her "Supplemental Pleading". This "Supplemental Pleading" sought to interject a new theory or cause of action upon which the plaintiff could recover. Specifically, appellee for the first time in the suit alleged that appellant was guilty of negligence (1) in failing to supervise vendors on its premises; (2) that appellant was negligent in the exercise of control it retained over the conduct of vendors on its premises; and, (3) that the appellant was negligent in failing to properly maintain its roof and air conditioning system on the premises. The trial court allowed the "Supplemental Pleading" over objection of appellant.

Appellant brings four points of error to this Court. Appellant's point of error number one shall be dispositive of this appeal. Point of error number one contends the trial court erred in overruling appellant's motion for new trial and in entering judgment for appellee based upon the jury's answer to Question 1, because Question 1 failed to include the essential elements of a premise defect case.

The trial court submitted this case under a simple negligence theory of recovery by inquiring, "Did the negligence, if any, of those named below proximately cause the occurrence in question?" The jury responded by answering "Yes" as to both appellee and appellant. In Question 2 the trial court inquired as to the percentage of negligence to be attributed to each party. The jury found appellee, Katherine Veazey, 25 percent negligent and appellant, Stanley Stores, Inc. d/b/a/ Price Lo Foods to be 75 percent at fault. Jury Question 3 related to damages.

Subsequent to the trial of this case and while this case was pending appeal, our Texas Supreme Court handed down its decision in *Linda Keetch v. The Kroger Company*, 35 Tex.Sup.Ct.J. 796, 1992 WL 117314 (June 3, 1992). It is the *Keetch* case that requires this Court to reverse and remand this cause to the trial court for trial on the merits.

■ Linda Keetch sought to hold Kroger liable under both a premise condition and a

negligent activity theory. The trial court in *Keetch* submitted the case to the jury on only a premise condition theory. The jury found that there was a slippery spot on the floor which presented an unreasonable risk of harm to Keetch. The jury refused to find that Kroger knew or should have known of the slippery spot, therefore the trial court rendered a take nothing judgment. The Court of Appeals affirmed the trial court judgment and our Supreme Court affirmed the judgment of the Court of Appeals.

The facts in *Keetch* reveal that, a Kroger employee sprayed plants some time prior to 7:00 p.m. Keetch slipped on the floor and fell at approximately 7:30 p.m. At the time Keetch fell there was no ongoing activity relating to the spraying of plants. Our Supreme Court determined that Keetch may have been injured by the condition created by the spraying but she was not injured by the activity of the spraying.

The evidence presented in the record before us is insufficient to support a negligent activity theory of recovery, or the simple negligence theory submitted by the trial court. Under the present state of the law, there are only two avenues available for submission of questions to the jury by the trial court in premise liability cases. The first of these two theories is set forth in *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex.1983). The second theory of recovery available for submission by a trial court is the negligent activity theory. *See Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985). Our understanding of *Keetch* is that before submitting a negligent activity theory of recovery, a trial court should first consider from the evidence and the pleading if the injury was created by and contemporaneous to an ongoing activity. "Contemporaneous," is defined in Webster's Ninth New Collegiate Dictionary as, "existing, occurring, or originating during the same time."

Lets assume that all of the evidence was proof positive (matter of law) that the liquid which caused Mrs. Veazey to slip and fall did indeed originate from the Pepsi display activity which was ongoing at the time of the fall. Thus, we have an ongoing activity (Pepsi display) in one area of the store and a slip and fall on substance generated from that activity in another area of the store. *Keetch* says, "Recovery on a negligent activity theory requires that a person have been injured by or as a contemporaneous result of *the activity itself rather than by a condition created by the activity*." (emphasis ours). Even under our proof positive assumption, Mrs. Veazey slipped on a "condition created by the activity."

■ We conclude then, that for a plaintiff to be entitled to a negligent activity submission, the evidence must show that the injuries were directly related to the activity itself.

■ Applying *Keetch* to the case before this Court, there is a lack of supportive evidence to justify the trial court's submission of a negligent activity cause of action. We find no connection between the injury and the ongoing Pepsi display which would lead us to conclude that the injury occurred as a contemporaneous result of an ongoing activity. The trial court erred in failing to submit this case according to those elements of premise liability set forth in *Corbin v. Safeway Stores, Inc., supra*.

In view of the timing of the *Keetch* opinion to the trial of this cause, we believe that justice is better served by a reversal and remand of this cause for trial on the merits.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority finds "no connection between the injury and the ongoing Pepsi display which would lead us to conclude that the injury occurred as a contemporaneous result of a negligent activity." I disagree. There was testimony from the assistant store manager on duty that a soft drink company had a dem-

onstration/display dispensing free samples at the time of Mrs. Veazey's accident. Furthermore, a paper cup that looked like one of those used in the soft drink display was found where Mrs. Veazey had fallen. The store manager testified that whenever there was a soft drink demonstration customers would get the cups, throw them everywhere and sometimes spill "stuff" everywhere. The manager further agreed that the store had to be extra careful to keep the floors clean on those days when there were soft drink promotions. While *Keetch v. The Kroger Co.*, 35 Tex.Sup.Ct.J. 796, 797 (June 3, 1992) is informative and instructive, it is the converse of the case before us. There, the supreme court upheld a *Corbin* submission when it stated: "The trial court properly did not submit a negligent activity theory of liability on *these facts.*" (emphasis added). In the case before us, we are called upon to review a submission based upon a negligent activity. The lesson of *Keetch* is to look at the facts. Here, the facts show an ongoing activity when the injury occurred. This is some evidence that Mrs. Veazey was injured as a contemporaneous result[1] of the activity itself, which takes this case outside of *Keetch* and supports a submission under simple negligence. Therefore, I would overrule point of error number one.

[1] Unfortunately Justice Cook has inserted a new phrase into the jurisprudence of our state without suggesting a definition. What is "contemporaneous result"? Hopefully, the ultimate disposition of this case will tell us.