

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00080-CV

_____

NANCY DIANE BROOKS, Appellant

V.

PRH INVESTMENTS, INC., AND
WHATABURGER OF EAST TEXAS, Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2008-554-CCL2

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

While visiting the restroom of a Whataburger restaurant, Nancy Diane Brooks (Brooks) injured herself when she slipped on a wet floor and fell. Brooks's experience precipitated this lawsuit against PRH Investments, Inc., and Whataburger of East Texas (collectively, PRH), the owners and operators of the restaurant. The moisture on the floor was occasioned by the mopping of the floor by a restaurant employee a few minutes before Brooks fell. Brooks's suit alleged negligent activity and/or premises liability. After discovery, PRH filed a motion for summary judgment on both traditional and no-evidence grounds, and the trial court granted the summary judgment on both grounds, and no-evidence summary judgment as to both negligent activity and premises liability.

Brooks argues that the trial court erred in granting the motion for traditional summary judgment and no-evidence summary judgment because: (1) she adequately alleged and supported her claims for negligent activity and that there were material facts in dispute as to this issue; and (2) she adequately alleged and supported her claims for premises liability and there were material facts in dispute.

We sustain Brooks's points of error regarding the granting of no-evidence summary judgment as to the premises liability claim; however, we affirm the trial court's judgment because (1) Brooks's fall was not contemporaneous to the action of mopping the floor; and (2) PRH provided Brooks with adequate cautionary warnings concerning the wet floor.

2

*Facts*

On May 23, 2007, Brooks was a customer at a Whataburger restaurant owned and operated by PRH. While attempting to leave the restroom, she was injured when she slipped and fell. The floor of the restroom had been mopped only a few minutes prior to Brooks's fall.

Jayne Summers, the PRH employee who mopped the floor, testified that before she commenced mopping the floor, she put out the "wet floor" signs in the restroom and that she had "just about finished" mopping the restroom floor when Brooks entered the restroom. Summers testified that she told Brooks "to be careful" and "the floor was wet" because she had "just mopped in there."

Brooks testified that the floor was dry when she entered the restroom and while she was in the bathroom stall, a lady "came in and mopped." Brooks testified that when Summers was leaving the restroom, she told Brooks to "be careful, the floor may be a little damp." Brooks was in the restroom stall for three to five minutes after Summers left the restroom and admits there was a wet floor warning sign in the room. When Brooks attempted to leave the restroom, she slipped and fell, causing injury to herself.

*Standard of Review*

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc.*

*v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show that there is no material fact issue and that the movant is entitled to judgment as a matter of law. *McNamara*, 71 S.W.3d at 311; *Steel*, 997 S.W.2d at 223.

A no-evidence summary judgment is essentially a pretrial directed verdict. We, therefore, apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). In our review, we consider all the summary judgment evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Rodriguez*, 92 S.W.3d at 506; *Woodruff v. Wright*, 51 S.W.3d 727 (Tex. App.—Texarkana 2001, pet. denied). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.).

***Brooks's Fall Was Not Contemporaneous to the Mopping***

Brooks argues that the trial court erred in granting PRH summary judgment and no-evidence summary judgment on the negligent activity cause of action.[1] We disagree.

---

[1]In her argument, Brooks emphasizes that the floor was not mopped according to company procedures. Under our analysis of Brooks's negligent activity claim, the product and procedure used

4

A trial court should not submit a negligent activity claim to the trier of fact unless the evidence shows that the injury was caused by or was a contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Kroger v. Persley*, 261 S.W.3d 316, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998), *pet. denied*, 988 S.W.2d 740 (Tex. 1998). The negligent activity theory of liability is only applicable where the evidence shows that the injuries were directly related to the activity itself. *Keetch*, 845 S.W.2d at 264. If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Lucas*, 964 S.W.2d at 153.

The Texas Supreme Court's decision in *Keetch* guides us in determining what evidence is needed to establish that an injury was the contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity. *Keetch*, 845 S.W.2d at 264. In *Keetch*, the plaintiff slipped and fell about thirty minutes after a Kroger employee had sprayed a chemical substance on plants in the floral section of the store. *Id.* The Texas Supreme Court rejected the contention that Kroger's employees were conducting a negligent activity because the activity, spraying plants, was not "ongoing" at the time of the plaintiff's injury. *Id.* Thus, while the plaintiff "may have been injured by a condition created by the spraying, . . . she was not injured by the activity

to mop the floor is irrelevant in this case.

5

of spraying." *Id*.  In holding the case to be a premises liability case rather than a negligent activity case, the court noted "[a]t some point, almost every artificial condition can be said to have been created by an activity." *Id.*

Similarly, in *Stanley Stores v. Veazey*, the Beaumont Court of Appeals applied the *Keetch* analysis to another slip and fall case where the plaintiff alleged a negligent activity.  *Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 885–86 (Tex. App.—Beaumont 1992, writ denied).  In the *Stanley Stores* case, while shopping, the plaintiff slipped on a clear liquid and fell to the floor.  *Id.* at 885.  The store manager found "a small puddle of water and a paper cup" in the area where the plaintiff slipped.  *Id*.  The cup was a small sample-type similar to those being used at that time in promotion of a Pepsi-Cola display.  *Id.* at 886.  The Pepsi-Cola display was located near the front entrance of the store, away from the area where the plaintiff fell.  *Id*.  Applying the holding in *Keetch*, the court held that the facts were insufficient to support a negligent activity claim.  *Id*.  The court explained:

> Let's assume that all of the evidence was proof positive (matter of law) that the liquid which caused Mrs. Veazey to slip and fall did indeed originate from the Pepsi display activity which was ongoing at the time of the fall.  Thus, we have an ongoing activity (Pepsi display) in one area of the store and a slip and fall on substance generated from that activity in another area of the store.  Keetch says, "Recovery on a negligent activity theory requires that a person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."  . . . Even under our proof positive assumption, Mrs. Veazey slipped on a "condition created by the activity."

*Id.*

6

Similarly, in *Kroger Co.*, the court of appeals reversed the trial court and held that there was no evidence of negligent activity when the plaintiff slipped and fell by stepping in water that was allegedly dripped onto the floor when a store employee transported frozen food from pallets to the frozen food cases. 261 S.W.3d at 320–21. The court noted that there was no ongoing activity in the area where the plaintiff fell at the time the fall occurred and that the plaintiff fell at least fifteen minutes after the employee had left the area, "[t]hus there was no connection between the injury and the stocking of the frozen foods section that would lead us to conclude that [the plaintiff's] injury occurred as a contemporaneous result of a negligent activity." *Id.* at 320–21.

The facts of this case are very similar to those in *Keetch*, *Stanley Stores*, and *Kroger Co.* in that the alleged negligent activity—mopping—was not ongoing at the time and place Brooks fell. Summers testified that she had finished mopping the restroom and verbally warned Brooks about the floor as Brooks entered the restroom. Brooks testified that she fell several minutes after Summers had ceased mopping, placed a "wet-floor" warning cone, verbally warned Brooks about the wet floor, and left the restroom. In either case, there is no evidence that the negligent activity itself caused Brooks's injuries or that her fall was contemporaneous with Summers's mopping. Rather, just as in *Keetch* and *Kroger Co.*, all the evidence indicates that Brooks slipped on a condition caused by the mopping activity. Therefore, PRH is entitled to judgment as a matter of law. We affirm the trial court's granting of summary judgment and no-evidence summary judgment as

7

to Brooks's negligent activity cause of action and overrule Brooks's points of error deriving therefrom.

***Adequate Warnings About the Floor Were Given***

Brooks also contends that the trial court erred by granting summary judgment and no-evidence summary judgment as to her premises liability claims because she did provide supporting evidence and there were material facts in dispute. We disagree.

Tort liability depends on both the existence of and the violation of a duty. *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997). An owner or occupier of land has a duty to keep the premises under his control in a safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985). This duty is discharged by warning the invitee of unreasonable risks of harm, either known to the owner or which would be known to him by reasonable inspection or by making the premises reasonably safe. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996); *see also McCaughtry v. Barwood Homes Ass'n*, 981 S.W.2d 325, 330 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). If the evidence conclusively established that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law. *Williams*, 940 S.W.2d at 584.

To succeed in a premises liability suit, an invitee plaintiff must prove (1) that the defendant had actual or constructive knowledge of some condition on the premises, (2) that the condition posed an unreasonable risk of harm, (3) that the defendant failed to exercise reasonable care to eliminate or reduce the risk of that harm, and (4) that the defendant's failure to use such care proximately

8

caused the invitee's injury. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Pierce v. Holiday*, 155 S.W.3d 676, 679 (Tex. App.—Texarkana 2005, no pet.).

The case of *Bill's Dollar Store, Inc. v. Bean* is strikingly similar to the present case. 77 S.W.3d 367 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A plaintiff slipped and fell due to a wet spot on the floor caused by spilled cola. *Id.* at 370. Prior to the plaintiff's fall, a store employee verbally warned the plaintiff about the wet spot, the plaintiff stood just a few feet from the wet spot as it was being mopped, and she could see that the floor was wet. *Id.* The court of appeals held that under those circumstances, the verbal warning given to the plaintiff was adequate as a matter of law. *Id.*

In this case, the material facts are not in dispute. Brooks slipped and fell three to five minutes after the restroom floor was mopped. Viewing the evidence in the light most favorable to Brooks, she saw the floor being mopped, saw the wet floor warning sign, and was verbally warned "to be careful" because the "floor may be a little damp." Under these circumstances, whether the warning was given prior to or after Brooks entered the restroom, the warning was adequate as a matter of law to discharge the property owner's duty to warn Brooks about the possible danger posed by the condition of the floor.

The pleadings and their attachments and exhibits present a prima facia cause of action for premises liability; therefore, we sustain Brooks's points of error regarding the granting of no-evidence summary judgment as to her premises liability claim. However, the material facts in this

9

case are not in dispute and PRH is entitled to judgment as a matter of law.  Therefore, we affirm the trial court's granting of summary judgment as to Brooks's premises liability claims and overrule Brooks's points of error deriving therefrom.

The traditional summary judgment was properly granted, and we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:	December 15, 2009
Date Decided:	January 22, 2010

10