In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00195-CV

_____

MONTGOMERY COUNTY, Appellant

V.

DAVID LANOUE, Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 15-09-10156-CV

MEMORANDUM OPINION

This is an accelerated interlocutory appeal by Montgomery County from the trial court's order denying its plea to the jurisdiction in a personal injury suit brought under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2016). In three issues, Montgomery County argues that the trial court lacked jurisdiction because appellee's claim does not fit within the waiver of governmental immunity contained in the Texas Tort Claims Act (TTCA). We reverse the trial court's order denying Montgomery County's plea to

1

the jurisdiction and render judgment dismissing Lanoue's claim for want of jurisdiction.

BACKGROUND

Appellee David Lanoue sued Montgomery County for personal injuries he allegedly sustained when he slipped and fell while walking in the Montgomery County Courthouse. Lanoue asserted that the trial court had subject-matter jurisdiction because his claims fit within the TTCA's waiver of immunity for certain personal injury claims. Lanoue pleaded that the accident occurred due to a premises defect about which Montgomery County knew, and that Montgomery County's agents, servants, or employees "misused tangible property by placing a warning sign on the floor which caused confusion about the safety and condition of the floor." According to Lanoue, the floor and the warning sign posed an unreasonable risk of harm, and Montgomery County owed him a duty to exercise ordinary care to warn him or to "make reasonably safe a known dangerous condition" of which he was unaware, and not to injure him through "willful, wanton, or grossly negligent conduct." Lanoue maintained that Montgomery County "breached its duty when it failed to give a proper warning, in allowing the floor to have an improper coefficient of friction[,] and in applying an improper floor coating, sealant[,] and/or wax." According to Lanoue, Montgomery County's

2

acts and omissions constituted negligence and proximately caused his alleged injuries and damages.

Montgomery County entered a general denial and pleaded the following: (1) the affirmative defense of governmental immunity under the TTCA; (2) by placing a wet floor sign where Lanoue slipped and fell, it met its obligation to warn; (3) by orally warning Lanoue that the floor was slippery, it met its obligation to warn; (4) Lanoue "assumed the risk of walking on a floor that he knew or should have known was slippery[;]" (5) Lanoue contributed to or was partially or wholly responsible for "the negligent acts that caused or resulted in the accident[;]" and (6) Lanoue failed to make reasonable efforts to mitigate his damages. Concurrently with the filing of its answer, Montgomery County filed a plea to the jurisdiction. In its plea to the jurisdiction, Montgomery County asserted that governmental immunity barred Lanoue's action and deprived the trial court of subject matter jurisdiction because the pleadings and uncontested facts established that Montgomery County had fulfilled its duty to warn Lanoue. According to Montgomery County, Lanoue's confusion regarding whether the floor was slippery due to the presence of water or wax is irrelevant because he had notice that the floor was wet and slippery. Attached as an exhibit to Montgomery County's plea to

3

the jurisdiction was a still photograph of Lanoue falling next to the warning sign. The warning sign stated that the floor was wet.

In his response to Montgomery County's plea to the jurisdiction, Lanoue argued that he had pleaded a cause of action for which immunity is waived, and he asserted that genuine issues of material fact exist as to whether he had actual knowledge of the condition and whether Montgomery County's warning was adequate. Specifically, Lanoue contended that he was unaware of the slippery floor because "the warning sign merely warned him that the floor was wet — not that it was freshly coated in a concealed wax or sealant." Lanoue maintained that the warning sign created confusion because the floor appeared to be dry, and Lanoue therefore "was both unaware that the floor was improperly waxed and was not adequately warned of the floor's condition." The record also contains Lanoue's affidavit, in which he states that he saw the warning sign stating that the floor was wet, but he examined the floor and determined that it appeared to be dry. Lanoue averred that when he attempted to cross the floor, he "slipped on some sort of slippery substance that was concealed but coating the floor." In addition, Lanoue averred that several Montgomery County employees told him that they knew the floor was dangerous because they had applied wax, coating, or sealant to the floor,

4

and that they were in the process of removing the wax from the other side of the hallway.

## MONTGOMERY COUNTY'S ISSUES

In three issues, Montgomery County argues that (1) a "wet floor" sign and people mopping in the area provided Lanoue with actual knowledge that the floor upon which he was about to walk was wet; (2) a "wet floor" sign placed a few inches from the spot where Lanoue slipped was in sufficient proximity to the place where Mr. Lanoue slipped to constitute an adequate warning as a matter of law; and (3) Lanoue's decision to disregard the warning sign because he did not subjectively perceive the danger does not deprive Montgomery County of governmental immunity under the TTCA. Because it is dispositive, we address issue two first.

Governmental immunity protects governmental units of the State from suit. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Unless the governmental unit has consented to suit, a trial court lacks subject-matter jurisdiction to consider a claim against it. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether subject-matter jurisdiction exists is a question of law, and we review the trial court's ruling on a plea to the jurisdiction

*de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226, 228. The plaintiff must plead facts that affirmatively demonstrate that governmental immunity has been waived and the trial court has subject-matter jurisdiction. *Holland*, 221 S.W.3d at 642. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to determine if a fact issue exists. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

Section 101.021 of the TTCA provides that a governmental unit is liable for "personal injury . . . caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2011). "[I]f a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id*. § 101.022(a) (West 2011). Premises owners have the duty not to injure licensees through willful, wanton, or grossly negligent conduct, and to either "warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the

6

licensee is not." *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). A licensee must prove that he did not actually know of the dangerous condition. *Id.*

Lanoue argues that the "wet floor" warning sign was inadequate because the floor was actually dry, but was covered with a slippery wax, coating, or sealant. "To be adequate, a warning must be more than a general instruction such as 'be careful'; the warning must notify of the particular condition." *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014). "A warning of the specific material causing a condition is not required, so long as the existence of the condition itself is conveyed." *Id.* A warning that a floor is wet is sufficient; that is, the warning need not identify the specific substance that made the floor wet. *Id.* at 252-53 (citing *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) and *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 370 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)).

Montgomery County had a duty to warn Lanoue of the dangerous condition. *See Payne*, 838 S.W.2d at 237. We conclude that the "wet floor" sign inches from the location where Lanoue fell was adequate as a matter of law to warn Lanoue that the floor was slippery. *See Henkel*, 441 S.W.3d at 252-53; *Brooks*, 303 S.W.3d at 925; *Bean*, 77 S.W.3d at 370. Montgomery County was not required to inform

Lanoue precisely what substance was on the floor, but simply had to warn him of the dangerous condition. *See Henkel*, 441 S.W.3d at 252-53. The warning identified and communicated the existence of the condition in a manner that a reasonable person would perceive and understand. *See id*. at 253.

Because Montgomery County discharged its duty to warn Lanoue of the dangerous condition, its governmental immunity was not waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), 101.022(a). Therefore, the trial court erred by denying Montgomery County's plea to the jurisdiction. We reverse the trial court's order denying Montgomery County's plea to the jurisdiction and render judgment dismissing Lanoue's claim for want of jurisdiction.[1]

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on October 27, 2016
Opinion Delivered December 29, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1]Because the County's first and third issues would not result in greater relief, we need not address them. *See* Tex. R. App. P. 47.1.