

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-16-00129-CV

Gregory **SANCHEZ**,
Appellant

v.

**STRIPES LLC** and Stripes Convenience Store, an Assumed or Common Name,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 31407
Honorable Robert Cadena, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting Opinion by: Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: April 26, 2017

I respectfully dissent from the majority opinion that the trial court properly granted Stripes's hybrid traditional and no-evidence motion for summary judgment.

The Supreme Court of Texas has outlined the standard of review which we must apply when reviewing a summary judgment, directing that we ***must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.*** *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W. 2d 217, 223 (Tex. 1999). The movant must show there is no material fact issue and that the movant is entitled to judgment as a matter of law.

*McNamara*, 71 S.W.3d at 311.  Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).  ***We consider the summary judgment evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, and we <u>disregard contrary evidence and inferences</u>.***  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A nonmovant defeats a no-evidence summary judgment if the nonmovant presents more than a scintilla of probative evidence on each element of his claim.  *King Ranch, Inc.*, 118 S.W.3d at 751.

A premises owner has "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the [owner] is, or reasonably should be, aware but the invitee is not."  *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (op. on certified question).  If evidence conclusively establishes the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law.  *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  To be adequate, a warning must be more than a general instruction; the warning must notify of the particular dangerous condition.  *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009).

As the majority states, the adequacy of a warning must be examined in the context of the totality of the circumstances.  *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014) (per curiam). However, we are still bound to view the totality of the circumstances by *reviewing the evidence favorable to the nonmovant and indulging every reasonable inference and resolving any doubts in his favor*.  *McNamara*, 71 S.W.3d at 311.  Therefore, turning to the facts of this case and reviewing

the totality of the circumstances under the standard we are required to use, the record reveals the facts described below.

Mr. Sanchez testified in his deposition that before he entered the Stripes restroom, he saw a wet-floor sign "in the area," but the surrounding floor was dry. The sign was located at the hallway entrance — not the entrance of the restroom. The surveillance video footage shows that Mr. Sanchez stopped near the sign, and it appears Mr. Sanchez looked toward the back of the hallway. Mr. Sanchez testified he saw a Stripes employee wet-mopping toward the back of the hallway. In a recorded statement taken the day after he fell, Mr. Sanchez stated the employee was wet-mopping in the hallway past the restroom entrance "towards the back." Mr. Sanchez further stated he asked the employee if the restroom had been mopped because it seemed she had just mopped all that area. According to Mr. Sanchez, the employee did not respond, but the restroom floor was wet when he entered.

The surveillance video footage shows the Stripes employee emerged from the hallway, moved the wet-floor sign, mopped in that area and in front of the restroom doors, and replaced the wet-floor sign in the same place while Mr. Sanchez was in the restroom. Mr. Sanchez cannot be seen exiting the restroom on the video surveillance footage, but he testified that when he took a step outside the restroom, he slipped and fell, hurting his knee. The surveillance video footage shows Mr. Sanchez slid across the floor and landed near the wet-floor sign, where he had previously walked without incident.

The review of the evidence favorable to Mr. Sanchez shows this case is distinguishable from the cases relied upon by Stripes and the majority. In *Bill's Dollar Store*, the cashier's warning to a customer to "watch the wet spot" was considered an adequate warning regarding a wet floor caused by spilled cola. *Bill's Dollar Store*, 77 S.W.3d at 370. In *Brooks v. PRH Invs., Inc.*, a

verbal warning to "'be careful' because the 'floor may be a little damp'" combined with a wet-floor sign and the complainant seeing an employee wet-mopping in the restroom where she slipped, was also considered adequate to satisfy the property owner's duty. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.). In *Golden Corral v. Trigg*, the warning sign found adequate advised of a wet floor in the vicinity of the sign, which was a few feet from where the complainant slipped and fell. *Golden Corral v. Trigg*, 44 S.W.3d 515, 517-20 (Tex. App.—Beaumont 2014, no pet.).

However, the warnings addressed in these cases warn of a dangerous existing condition. In this case, the condition addressed by the wet-floor sign did not exist at the time the warning was given. Further, unlike in *Golden Corral*, the only floor that was wet at the time Mr. Sanchez viewed the wet-floor sign was behind the restroom door, and possibly at the end of the hallway. *See id*. at 517. Also, unlike in *Brooks*, the wet-mopping witnessed by Mr. Sanchez was at the end of the hallway – not where he was walking or in an area he would walk across to exit the restroom. *Brooks*, 303 S.W.3d at 925.

The circumstances surrounding Mr. Sanchez's initial viewing of that warning suggested the condition about which the sign warned had passed. The floor was dry and appeared to have been mopped. The employee was mopping at the end of the hallway, away from Mr. Sanchez when he entered the restroom. Because of these circumstances, it would not be reasonable for Mr. Sanchez to realize or know the existing sign placed in the same spot after the employee mopped outside the restroom warned of a new danger. Rather, it would be reasonable for a person leaving a restroom under these circumstances to expect that a floor that appeared to have already been mopped would NOT have been mopped, and made wet, again. We must indulge every reasonable inference in Mr. Sanchez's favor.

Furthermore, the deposition testimony of Miriam Laabs regarding Stripes's policy concerning mopping and placement of wet-floor signs creates doubt as to whether the warning was adequate to warn of the wet floor in the hallway outside the restroom. Ms. Laabs, an employee with Stripes for twenty-three years, testified as follows:

> Q. Is it okay to be mopping a bathroom but have a wet floor sign in the hallway where the floor is dry?
>
> A. We usually do that.
>
> Q. Okay.
>
> A. Just to warn the customer as they're going into the restroom that the floor is wet, and then there should be another one inside the restroom.

Thus, the sign's placement on the dry floor in the hallway was consistent with Stripes's policy to warn customers of the present wet-floor condition in the restroom. We are directed to resolve doubts in favor of the nonmovant, Mr. Sanchez. Accordingly, I would resolve any doubt concerning whether the sign was there to warn of the existing dangerous condition in the restroom or a future dangerous condition outside the restroom in Mr. Sanchez's favor. Also, because the summary judgment evidence does not include dimensions, photos, or video footage of the entire hallway outside the restrooms, we cannot characterize the length of the hallway in a way that disfavors Mr. Sanchez.

Under these circumstances, I cannot hold as a matter of law the wet-floor sign was an adequate and reasonable warning of a future dangerous condition. Viewing the evidence in the light most favorable to Mr. Sanchez, I would hold the summary judgment evidence in this case raises a genuine issue of material fact such that reasonable and fair-minded people could differ in their conclusions. Further, the burden rested with Stripes to show its warning was adequate under these circumstances, and I would hold Stripes failed to conclusively establish it provided adequate

warning of the dangerous condition of which Mr. Sanchez was not aware.  Additionally, I would hold Mr. Sanchez has presented more than a scintilla of probative evidence on each element of his claim.

The summary judgment evidence did not transform the issue from a question of fact to be decided by a jury into a question of law to be decided by the trial court as a matter of law. Therefore, I would reverse the judgment of the trial court and remand for further proceedings.

Accordingly, I respectfully dissent.

Irene Rios, Justice