COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| WEBSTER SANFORD, | § | No. 08-24-00053-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 438th District Court |
| | § | |
| WEHNER MULTIFAMILY, LLC and ICON SAN ANTONIO, LLC, | § | of Bexar County, Texas |
| | § | (TC# 2024CIO1882) |
| Appellees. | | |

## MEMORANDUM OPINION[1]

Appellant Webster Sanford appeals the summary judgment that disposed of all his claims against his landlord for injuries he sustained in his apartment. Because we find that he did not meet his summary judgment burden as a non-movant, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sanford was a tenant at Icon Avesta Apartments in San Antonio. He claims that on August 30, 2018, his bathroom ceiling broke apart and water flowed onto his floor, causing him "to slip and fall backward hitting his head." He filed suit against ICON San Antonio, LLC and Wehner

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

Multifamily LLC, the property management company, asserting claims of premises liability, negligence, and gross negligence.[2] In his suit, Sanford alleged that "Defendants knew or should have known that the poor condition of the foundation would lead to catastrophic failure in [Sanford]'s apartment such that it created a dangerous condition, posing an unreasonable risk of harm to [Sanford] and others similarly situated."

Appellees filed a no-evidence motion for summary judgment on all three of Sanford's causes of action. Sanford filed a response, attaching three items of evidence: the deposition of Francia Rivera, Wehner's regional supervisor; photographs of the damage to the bathroom; and his own affidavit. The trial court sustained Appellees' objections to all of Sanford's evidence and granted their motion for summary judgment on all claims.

Sanford raises three points of error. First, he claims that Appellees' summary judgment motion was not sufficiently specific. Second, he argues that the trial court erred by striking his evidence. Third, he argues that he met his summary judgment burden by producing more than a scintilla of evidence to support the elements of his claims.

## I. STANDARD OF REVIEW

A party may file a no-evidence motion for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). To avoid summary judgment, the nonmovant must produce "more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Evidence that is "so weak as to do no more than create a mere surmise or suspicion" of a necessary element is less

---

[2] He also named 1300 Patricia LLC dba Avesta Icon Apartments and Trivest Patricia LP as defendants, but they were not a party to the judgment below or this appeal. The trial court signed an order severing those claims into their own case.

than a scintilla and will not support a summary judgment. *Id*. (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

We review summary judgments *de novo* and determine if the nonmovant produced "more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* In our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When, like in this case, the trial court does not specify in its order the ground on which it granted summary judgment, we must affirm if the judgment is proper on any ground. *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## II. ANALYSIS

### A. Sufficiency of Appellees' Motion for Summary Judgment

Rule 166a "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." Tex. R. Civ. P. 166a, 1997 comment. A no-evidence motion for summary judgment must be specific as to which elements it is challenging. "If a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law . . . ." *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied)

Sanford argues that Appellees' "motion failed to identify any element of Sanford's claims lacking evidentiary support." We first discuss the elements of each of Sanford's claims before turning to the challenges in Appellees' motion.

3

### (1) Premises liability

Generally, a landlord is not liable for dangerous conditions on leased premises. *Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996) One exception, and the one on which Sanford relies, is for concealed conditions of which the landlord is aware. Restatement (Second) of Torts § 358 (1965); *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008). The elements of a premises liability claim when the plaintiff was an invitee[3] are:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

Appellees' motion first argues that "Plaintiff has no evidence as to what caused the incident in question" and that without that evidence Sanford "cannot establish that there was a condition on the premises that proximately caused the incident in question." However, "an unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). So, for example, in a suit in which the plaintiff claimed he was injured after he slipped in water on a basketball court, the Texas Supreme Court stated, "The leaky roof was not itself a dangerous condition; it could only cause a dangerous

---

[3] Sanford, as a tenant, was an invitee. *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 739 (Tex. App.—San Antonio 2009, no pet.)

condition." *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536–37 (Tex. 1996) (per curiam), *see also Am. Ret. Corp v. Stanley*, No. 13-02-479-CV, 2004 WL 1405686, at *4 (Tex. App.—Corpus Christi–Edinburg June 24, 2004, pet. dism'd) (mem. op.) (dangerous condition was water on the tenant's bathroom floor, not the leaks that caused the water to be there). In this case, the condition that Sanford claims caused his injuries was the collapsed ceiling and water on the floor. But the reason for that condition, whether it was a faulty foundation as alleged in his petition or plumbing issues as he alleged at the summary judgment stage, is not an element of his cause of action. We agree with Sanford that this evidentiary challenge does not challenge an element of his premises liability claim.

Appellees' motion then states that Sanford had no evidence of the following:

- that Appellees "knew or should have known of the condition (whatever that condition may have been)."

- that Appellees "failed to exercise reasonable care to reduce or eliminate the unreasonable risk of harm[.]"

- "that any of [Sanford's] claimed injuries or damages were caused by the incident[.]"

Each of these statements clearly identifies an element of Sanford's premises liability claim and is therefore sufficient to put the element at issue under Rule 166a(i).

### (2) Negligence

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). The claim is one of negligence rather than premises liability if the plaintiff was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch*, 845 S.W.2d at 264.

5

In their motion for summary judgment, Appellees argued that Sanford had "no evidence that he was injured as a result of ongoing activity." Because Appellees specifically challenged an element necessary to distinguish Sanford's negligence claim from a premises liability claim, it is sufficient under Rule 166a(i). *Blake v. Intco Investments of Tex., Inc.*, 123 S.W.3d 521, 526 (Tex. App.—San Antonio 2003, no pet.) (affirming a no-evidence summary judgment for negligence claims when the Plaintiff did not assert she was injured by ongoing activity); *Flores v. Oncor Elec. Delivery Co., LLC*, 697 S.W.3d 465, 479 (Tex. App.—Dallas 2024, no pet. h.) (affirming summary judgment because there was no evidence in the record of an ongoing activity that injured plaintiff and the "claim [did] not sound in negligent activity"); *Brooks v. PRH Investments, Inc.*, 303 S.W.3d 920, 924–25 (Tex. App.—Texarkana 2010, no pet.) (affirming summary judgment because "there is no evidence that the negligent activity itself caused Brooks's injuries or that her fall was contemporaneous with Summers's mopping").

### (3) Gross negligence

A gross negligence claim requires evidence of two elements:

(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others.

*Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam); Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11).

Appellees' motion for summary judgment listed these two elements and claimed that Sanford had "no evidence of any of the foregoing elements of his gross negligence claim[.]" Because Appellee's motion expressly lists and challenges both elements of Sanford's gross negligence claim, it is sufficiently specific. *See, e.g., Hight v. Dublin Veterinary Clinic*, 22 S.W.3d

6

614, 622–23 (Tex. App.—Eastland 2000, pet. denied) (holding that a no-evidence motion for summary judgment met requirements of Rule 166a(i) when it listed elements of a negligence cause of action and stated that the plaintiff "cannot provide evidence to support any of the aforementioned elements").

To summarize, we hold that, except for Appellees' allegation that Sanford had no evidence of the cause of the condition, their no-evidence motion for summary judgment specifically identified the challenged elements of Sanford's causes of action. We overrule Sanford's issue one.

### B. Summary judgment evidence

Sanford responded to the motion for summary judgment with the deposition of Wehner's regional supervisor, photographs of his bathroom ceiling, and his affidavit. Appellees objected to the evidence in its entirety on the ground that Sanford's claim that a water leak caused the ceiling to collapse had never been pled or disclosed in discovery. They also objected to a portion of Sanford's affidavit on the ground that he offered an expert opinion about the cause of the condition when he had not been designated as an expert. In his second issue, Sanford argues that the trial court's order sustaining those objections was error. However, we do not reach that issue because we hold that, even considering all of Sanford's summary judgment evidence, Appellees were entitled to summary judgment.

### (1) Premises liability—knew or should have known about the condition

Appellees' motion for summary judgment asserted that Sanford had no evidence that they knew or should have known about the dangerous condition in his apartment. Sanford argues that he produced more than a scintilla of evidence that Appellees knew that the apartment above Sanford's had a water leak.

7

Even though, as we explained above, the cause of the condition is not an *element* of a premises liability claim, the property owner's knowledge of the cause can be *evidence* that he had actual or constructive knowledge of the condition itself. For example, in the *Rodriguez* case, the Court stated:

> The City complains that there was no evidence that it knew of the water on the floor. However, there was evidence that the person in charge of the recreation center knew of the leaks in the roof and knew that it had been raining. Depending on the position of the leaks above the floor and the amount of rain, the jury might have inferred that the person in charge knew that there would be water on the floor. We therefore reject the City's no-evidence complaint.

*Rodriguez*, 931 S.W.2d at 537; *see also Stanley*, 2004 WL 1405686, at *3 (stating that the court could infer that the property owner would know that there would be water on the floor of an apartment when the owner knew that there were roof leaks and a storm).

In this case, evidence that Appellees knew of a water leak in the bathroom above Sanford's apartment could be evidence that Appellees knew or had reason to know that the water would cause the ceiling to collapse and would leak onto Sanford's floor. However, we do not find such evidence in the record.

During Rivera's deposition, taken on August 4, 2021, Sanford's attorney apparently showed Rivera a report about the upstairs water leak and the following exchange occurred:

> Q. This is unit 117. It's my understanding this is the unit above my client's; are you aware of that? Have you seen this document before?
>
> A: Yes, sir.
>
> Q: When would be the first time you saw it?
>
> A: It was this year. That particular one it was actually April.
>
> Q. Okay. So this is-it says the sink is leaking and there's a plumbing issue and it's reported the same day of the incident, correct?

8

A: Okay.

Q: Were you aware of that?

A: No.

Q: You were not aware

A: About the same day of the incident?

Q: Correct.

A: No I don't remember seeing the date on this one.

The report that Sanford's attorney referred to, while it may have been an exhibit to the deposition, was not produced in response to the motion for summary judgment. Without that report, the deposition is only evidence that there was a report about a plumbing issue that Rivera did not see until April 2021, almost three years after the incident. Appellees' counsel told Rivera that the report was made the same day as the incident, but an *attorney's* statements and questions are not evidence. *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 533 (Tex. App.—San Antonio 1988, writ denied); *Vaccaro v. Raymond James & Associates, Inc.*, 655 S.W.3d 485, 491–92 (Tex. App.—Fort Worth 2022, no pet.); *Ex parte Holliday*, 619 S.W.3d 859, 862 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Moreover, Rivera only responded, "Okay." She neither agreed with nor confirmed the truth of the attorney's statement. The deposition is not evidence that the water leak was reported the same day as the incident or that Appellees knew about it before Sanford was injured. [4]

---

[4] Also, even if the deposition were evidence that a report of a water leak was made on the same day as the incident, there is no evidence about the time the report was made–whether it was before or after Sanford's ceiling collapsed.

Because Sanford failed to produce more than a scintilla that Appellees knew or should have known about the dangerous condition, an essential element of his premises liability claim, the trial court did not err in granting summary judgment for Appellees on that claim.[5]

### (2) Evidence of negligence and gross negligence

Sanford's response to Appellees' motion for summary judgment discusses only the elements of his premises liability claim, and not his negligence and gross negligence claims. He does not respond to Appellees' allegations that he had no evidence to support his negligence and gross negligence claims or cite to any evidence of the elements of those claims. Because he did not specifically point to evidence supporting the challenged elements, he did not raise a fact issue necessary to defeat summary judgment. *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238–39 (Tex. App.—San Antonio 2006, no pet.) ("Because plaintiffs' response did not direct the trial court to any specific portion of their summary judgment evidence, plaintiffs failed to raise a fact issue sufficient to defeat appellee's no-evidence motion for summary judgment."); *Leija v. Laredo Cmty. Coll.*, No. 04-10-00410-CV, 2011 WL 1499440, at *5 (Tex. App.—San Antonio Apr. 20, 2011, no pet.) (mem. op.) (same).

Because Sanford failed to produce more than a scintilla of evidence of all the challenged elements of his claims, we overrule his third issue.

## IV. CONCLUSION

Appellees sufficiently challenged elements of Sanford's premises liability, negligence, and gross negligence claims. Because Sanford failed to respond with more than a scintilla of evidence

---

[5] Because summary judgment is proper if there is no evidence of any one element, we do not reach whether Sanford produced evidence of the other elements of his premises liability claim. Tex. R. Civ. P. 166a(i).

for each challenged element, the trial court properly granted summary judgment on all claims. The judgment of the trial court is affirmed.

MARIA SALAS MENDOZA, Chief Justice

February 26, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.