In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00088-CV
_____

GOLDEN CORRAL CORPORATION D/B/A GOLDEN CORRAL
AND CORRAL GROUP, INCORPORATED, Appellant

V.

CYNTHIA TRIGG, Appellee

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-183,123

OPINION

In this appeal, Golden Corral Corporation d/b/a Golden Corral and Corral Group, Incorporated (collectively, Golden Corral) contend the warning they provided to their customers concerning the presence of liquid on the floor in their restaurant discharged the duty they owed their invitees as a matter of law. Following a jury trial, the jury found Golden Corral negligent in a slip and fall case. Subsequently, the trial court rendered judgment for the plaintiff on the jury's verdict. Because Golden Corral conclusively established that their warning of the

1

hazard was adequate, the evidence is legally insufficient to support the jury's verdict. We reverse and render judgment that the plaintiff recover nothing from Golden Corral.

## Background

While carrying a tray to one of the buffet stations at Golden Corral, a buffet-style restaurant, Cynthia Trigg stepped forward from a carpeted area onto a tiled area. As Cynthia stepped onto the tile, her left foot slipped toward a yellow sign that contained language warning of a wet floor. Cynthia's left foot hit the sign before she hit the floor. At trial, Cynthia testified that she did not see the warning before she fell. Nonetheless, a surveillance video admitted into evidence during the trial shows that before Cynthia fell, a yellow sign with a warning on each of its four sides, and approximately three feet tall, had been placed on the tile floor in front of the food station where Cynthia fell. A sign, like the one in the surveillance video, was admitted as an exhibit during the trial. The sign present the day Cynthia fell contained these words in large print on each side:

CAUTION
CUIDADO

WET
FLOOR

PISO
MOJADO[.]

2

During the trial, Golden Corral's assistant manager, Torrae Davis, explained that approximately twenty minutes before Cynthia fell, he noticed that the floor in the area was wet. According to Davis, he instructed an associate manager to place a wet floor sign in the area and to clean the floor. Davis then left the area unattended; subsequently, the yellow sign was placed in front of the buffet to warn customers that the floor in the area was wet. The evidence in the trial also showed that Golden Corral's policies required mats to be placed in high risk areas where employees entered and exited a door to the dishwasher room. The area where Cynthia fell was near the dishwasher room, and no mats were present near the door to the dishwasher room when Cynthia fell. Davis admitted that it was possible that water from the dishwasher room had been tracked into the area where Cynthia fell by employees as they entered the serving area from the dishwasher room. The jury found that Golden Corral was negligent and that Cynthia was not.

## Issues

In nine issues, Golden Corral argues that the trial court's judgment should be reversed. Eight of Golden Corral's issues are legal sufficiency complaints; in them, Golden Corral argues the evidence does not support the jury's finding that Golden Corral was negligent, and that its negligence proximately caused Cynthia's injuries. In Golden Corral's remaining issue, Golden Corral argues the evidence is

legally insufficient to support the jury's finding on the amount Cynthia will incur in future medical expenses.

## Standard of Review

In reviewing Golden Corral's legal sufficiency issues, we view the evidence admitted at trial in the light most favorable to the party that prevailed at trial; consequently, we credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). Since Cynthia prevailed at trial, we view the evidence in reviewing the issues Golden Corral has raised on appeal in the light most favorable to her. *See id.* The evidence that supports a jury's finding is legally sufficient if it enables "reasonable and fair-minded people to reach the verdict under review." *Id.* Nevertheless, with respect to claims "supported only by meager circumstantial evidence, the evidence does not rise above a scintilla (and thus is legally insufficient) if jurors would have to guess whether a vital fact exists." *Id.* at 813. Also, evidence may be conclusive, and thus may become legally insufficient to prove a matter in dispute, if the evidence "concerns physical facts that cannot be denied." *Id.* at 815.

## Analysis

Because it is dispositive of the appeal, we address Golden Corral's fifth issue first. In issue five, Golden Corral argues that the jury's conclusion that

4

Golden Corral failed to provide an adequate warning to Cynthia of the hazard, a wet floor, is not supported by legally sufficient evidence. Cynthia does not dispute that a yellow sign, three feet tall, was present in the area where she fell. Instead, she argues that the evidence before the jury allowed it to conclude that Golden Corral's warning of the hazard was inadequate.

"Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm." *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009). "This duty is discharged by warning the invitee of unreasonable risks of harm either known to the owner or which would be known to him by reasonable inspection or by making the premises reasonably safe." *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996). Whether a warning is adequate turns on what is reasonably prudent under the circumstances. *See TXI Operations*, 278 S.W.3d at 764-65.

"If the evidence conclusively established that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (citing *Williams*, 940 S.W.2d at 584); *see also Bill's Dollar Store*, 77 S.W.3d at 369. In this case, there is no dispute that Golden Corral warned of the

5

condition, as the surveillance video conclusively establishes that a tall yellow sign was present in the area when Cynthia fell. Cynthia also testified that had she seen the sign, "[i]t would have warned [her] that there was a problem in the area where the cone was located." The evidence at trial did not show that the risk was extreme, as the evidence did not show that before Cynthia fell, other Golden Corral customers or employees had fallen in the same area, and there was no evidence showing that the floor was more slippery than might be expected from a wet floor. Also, the surveillance videos admitted into evidence during the trial show a significant number of the restaurant's customers walking in the area near the sign without incident during a twenty minute period before Cynthia fell.

While Cynthia does not contest that the sign was present, she contends that based on the evidence, the sign should have been placed where her foot slipped, and that the placement of the sign several feet from where she fell allowed the jury to reasonably conclude that Golden Corral's warning was inadequate. Cynthia argues that the warning Golden Corral provided was inadequate because the sign's location failed to alert her before her foot contacted the wet spot where she slipped. However, the evidence before the jury was that Cynthia never saw the sign before she fell although the surveillance video shows the sign was plainly visible. There is no reason to believe that Cynthia might have seen the sign had it been placed exactly where she slipped. *See Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 360

6

(Tex. 1993) ("Plaintiffs' argument that the warning could have been more prominent does not prove that it was not prominent enough. Every warning can always be made bigger, brighter and more obvious.").

In support of her argument, Cynthia relies in large part on the testimony of Dr. Harvey Cohen, a safety and human factors expert, who she called as a witness during the trial. According to Dr. Cohen, the sign did not provide an effective warning due to its placement. Dr. Cohen estimated the distance between the sign and the spot that Cynthia slipped at four feet. But, Dr. Cohen also testified that the sign was capable of being seen thirty feet from where Cynthia fell. To adequately warn, according to Dr. Cohen, the sign should have been placed either on or in front of the moisture on the floor. Additionally, Cynthia and Dr. Cohen suggested to the jury that other means—better flooring, carpet, or mats—could have been used to make the area safe, and suggested that Golden Corral could have followed its policies by cleaning the spill immediately or guarding the spill until it was cleaned up.

But, the surveillance video shows that the sign was placed in a location where it could be seen by customers, such as Cynthia, warning of the hazard posed by the wet floor. *See City of Keller*, 168 S.W.3d at 814-17. Dr. Cohen did not cite any articles or treatises to support his theory that wet floor signs, like the one at issue in this case, were inadequate to warn of a hazard within approximately a four

7

foot area around the sign. While Dr. Cohen stated that a wet floor sign could constitute an adequate warning "[i]f it's properly placed and in conjunction with other better measures, such as floor matting[,]" that standard is not the one that applies to a premise owner under Texas law. *See Williams*, 940 S.W.2d at 584 (holding that a premises owner can discharge its duty by making the property safe *or* by warning). A reasonably prudent person, approaching the sign at Golden Corral on the date the fall occurred, would have understood that the sign warned of the presence of a wet floor in the vicinity around the sign, including the spot where Cynthia put her foot when she slipped.

The testimony in the record that the sign could have been made more prominent is simply unsupported opinion. Opinion testimony that is wholly conclusory or speculative amounts to no evidence "'because it does not tend to make the existence of a material fact more probable or less probable.'" *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004) (internal citations omitted)). Thus, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Id.* Given evidence that conclusively established the sign warned of a hazard in an area, including the spot where Cynthia slipped, the judgment cannot stand on Dr. Cohen's mere conclusion that the sign's placement made the warning inadequate. Because the

8

sign indicated that the floor was wet in the area where Cynthia fell, it adequately warned Cynthia of the presence of moisture on the floor. *See generally Brooks*, 303 S.W.3d at 925-26; *Bill's Dollar Store*, 77 S.W.3d at 370. Although Cynthia testified she did not see the sign, there was no evidence to show that she was visually impaired. And, the video conclusively shows that the sign was displayed in a location that gave Cynthia reasonable notice of the hazard where she slipped. While Golden Corral could have provided a warning that was inescapably obvious, it had no duty to do so. *See Saenz*, 873 S.W.2d at 361.

The remaining testimony in the record, including Dr. Cohen's, concerned several ways that Golden Corral could have remedied the hazard to make it safe. But, with respect to hazards about which a property owner has actual or constructive knowledge, the owner's duty is to reduce *or* eliminate the risk. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). In this case, consistent with Texas law, the jury was asked to determine whether Golden Corral failed to exercise ordinary care by both failing to adequately warn Cynthia of the condition and by failing to make that condition reasonably safe. And, we have determined that the evidence conclusively established that Golden Corral discharged its duty by providing an adequate warning that the floor was wet. *See Williams*, 940 S.W.2d at 584 (holding that the defendant who owned the premises could

9

discharge its duty by "either warning the plaintiff or making the premises reasonably safe").

After carefully reviewing the record, and under the circumstances shown by the evidence admitted during the trial, we conclude that the evidence conclusively established that Golden Corral warned of the wet floor and that the warning was adequate. We sustain issue five, we reverse and render the judgment the trial court was required to render, and we order that Cynthia recover nothing. Tex. R. App. P. 43.2(c). Because Golden Corral's remaining issues do not request any additional relief, they need not be addressed on appeal. Tex. R. App. P. 47.1.

REVERSED AND RENDERED.

_____
HOLLIS HORTON
Justice

Submitted on December 5, 2013
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.