

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-16-00129-CV

Gregory **SANCHEZ**,
Appellant

v.

**STRIPES LLC** and Stripes Convenience Store, an Assumed or Common Name,
Appellees

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 31407
Honorable Robert Cadena, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting Opinion by: Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: April 26, 2017

AFFIRMED

As Appellant Gregory Sanchez walked towards the men's restroom in one of Appellees'

convenience stores, he walked around a wet floor warning sign located in the hallway outside the

bathroom area. Sanchez insists the hallway floor was dry when he walked into the restroom, but

when he walked out, the hallway floor was wet; he slipped, fell, and was injured. He sued

Appellees for personal injury based on premises liability, but the trial court granted summary

judgment for Appellees. Because we conclude the warning was adequate as a matter of law, we

affirm the trial court's judgment.

**BACKGROUND**

Sanchez was injured in Del Rio, Texas, in a convenience store owned or operated by Stripes LLC and Stripes Convenience Store, an assumed or common name (collectively Stripes). It is undisputed that Sanchez was an invitee to the store.

The store's restrooms are located at the rear of the store. The restrooms are accessible via an open entry that leads to a small hallway. The store's surveillance video recording of the incident shows a yellow, "WET FLOOR" warning sign positioned in the entry to the small hallway outside the restrooms. As Sanchez turned a corner and walked into the short, relatively narrow hallway, he walked past the warning sign. Once in the hallway, he walked past a female Stripes employee wet-mopping the floor, and then entered the men's restroom.

While Sanchez was inside the restroom, the Stripes employee proceeded to wet-mop the hallway entrance where the sign was located. As she mopped, she moved the sign a few feet, mopped the area where the warning sign had been, and then put the sign back in the same place as it was when Sanchez entered the restroom.

Less than two minutes after he entered it, Sanchez exited the restroom. As he did, he slipped on the wet hallway floor within a few feet of where the sign was located. Sanchez was injured, and he sued Stripes for his personal injury based on premises liability.

Sanchez argues Stripes breached its duty of ordinary care to him because it did not adequately warn him of the dangerous condition or make the condition reasonably safe.

In its traditional motion for summary judgment, Stripes argued that the summary judgment evidence conclusively negates an essential element of Sanchez's claim—that Stripes breached its duty to him—and it was entitled to judgment because, as a matter of law, Stripes's warning was adequate and the condition was open and obvious. In its no-evidence motion, Stripes argued there was no evidence that the condition posed an unreasonable risk of harm, that Stripes did not exercise

reasonable care to reduce or to eliminate the risk, or that Stripes's alleged failure to exercise ordinary care proximately caused Sanchez's injuries.

The trial court granted Stripes's combined motion but did not state the ground on which it granted the motion. Sanchez appeals.

## STANDARDS OF REVIEW

### A. No-Evidence Motion

We review a no-evidence summary judgment using a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see also* TEX. R. CIV. P. 166a(i). "When reviewing [either a no-evidence or a traditional motion for] summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004); *accord Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). If the nonmovant's summary judgment evidence contains "more than a scintilla of probative evidence to raise a genuine issue of material fact," the trial court may not properly grant the no-evidence motion. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

### B. Traditional Motion

"We review a trial court's grant of summary judgment *de novo*." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *accord Joe*, 145 S.W.3d at 157. "A traditional summary judgment motion is properly granted where a defendant conclusively negates at least one essential element of a [plaintiff's] cause of action." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam); *accord Fernandez*, 315 S.W.3d at 508; *see* TEX. R. CIV. P. 166a(c).

## APPLICABLE LAW

To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel*, 441 S.W.3d at 251–52 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). The property owner may negate the third element by adequately warning the invitee of the dangerous condition. *Id.* at 252; *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (noting that a property owner "can satisfy its duty [of reasonable care] by providing an adequate warning even if the unreasonably dangerous condition remains").

When considering whether a warning is adequate, it must be considered "in context of the totality of the circumstances." *Henkel*, 441 S.W.3d at 252; *see Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). "[A] property owner's warning to an invitee of an unreasonably dangerous condition is adequate if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Henkel*, 441 S.W.3d at 253; *see TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009). "If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Henkel*, 441 S.W.3d at 252; *accord Austin*, 465 S.W.3d at 204 ("[A] landowner who provides an adequate warning acts reasonably as a matter of law.").

## ANALYSIS

Generally, when a party moves for summary judgment on no-evidence and traditional bases, we analyze the no-evidence motion first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). But here, because we "must affirm summary judgment if any of the summary

judgment grounds are meritorious," *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000), and one of the grounds in Stripes's traditional motion is dispositive, we will forego the no-evidence motion analysis.

## A.     Undisputed Facts

A number of facts are undisputed: Stripes owned the premises, Sanchez was an invitee, a female Stripes employee wet-mopped the floor where Sanchez fell, and Sanchez was injured when he slipped and fell on the wet floor. It is also undisputed that Stripes placed a yellow warning sign in the entry to the bathroom area hallway—an area where the employee was mopping. The yellow, free-standing warning sign was approximately three feet tall; it contained one graphical and four textual warnings. Near the top of the sign was a graphic of a stick figure human slipping with the words "CAUTION" and "CUIDADO" immediately under the graphic. Below the graphic and cautions were the words "WET FLOOR," and lower still, the words "PISO MOJADO."

The principal disputed questions are whether—as a matter of law—the warning was adequate, and the danger was open and obvious. Taking all the summary judgment evidence favoring Sanchez as true and making all reasonable inferences in his favor, *Joe*, 145 S.W.3d at 157, we address the question of an adequate warning first, and we start with the totality of the circumstances.

## B.     Totality of the Circumstances

To determine whether a warning is adequate, we view the warning "in context of the totality of the circumstances." *See Henkel*, 441 S.W.3d at 252. The totality of the circumstances in this case is circumscribed by both distance and time. The surveillance video shows that the short hallway outside the restroom is relatively narrow. When asked if he "walk[ed] around that sign when you went into the rest room," Sanchez answered "Correct." Sanchez also admitted that he saw the wet floor warning sign before he entered the restroom and, as he walked across the hallway

towards the restroom, he saw the Stripes employee mopping the hallway floor. The surveillance video also shows that less than two minutes elapsed from when Sanchez entered the hallway, saw the Stripes employee mopping the floor, exited the restroom, and fell, within arm's reach of the wet floor sign.

**C.     Adequacy of Warning**

Sanchez insists he was not adequately warned because "when I went in [to the men's restroom, the floor where he slipped] wasn't wet and when I stepped out I wasn't aware that it was wet because there was no sign right in front of the door."

But Stripes had no duty to ensure Sanchez's safety; Stripes's duty was to "take safety measures that an ordinary, reasonable landowner would take." *See Austin*, 465 S.W.3d at 203–04.

Accepting Sanchez's deposition testimony as true that the floor where he slipped was dry as he first walked across it, we nevertheless necessarily conclude that that fact is of no legal consequence in this case because the summary judgement evidence conclusively establishes that Sanchez was adequately warned of a dangerous condition in the small hallway—a wet floor—as he entered the hallway area and before he fell.

The video shows that, as Sanchez entered the hallway, the wet floor sign warned of a wet floor in the immediate area. *See Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 517 (Tex. App.—Beaumont 2014, no pet.). It shows that Sanchez walked around a highly-visible, clearly-marked sign, and he exited the restroom less than two minutes after he walked around the sign and entered the restroom.

Sanchez testified that he saw the Stripes employee actively mopping in the area, and he asked her about the areas she had mopped. *Cf. Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (deciding that evidence that the plaintiff saw the wet floor sign, saw the floor being wet-mopped, and received a verbal warning of a wet floor comprised an

adequate warning as a matter of law). Sanchez testified that he saw the Stripes employee mopping the floor before he entered the restroom, he identified the area where she was mopping, and it was undisputed that she was making previously dry areas of the hallway floor wet.

Taking all the summary judgment evidence favoring Sanchez as true, and making all reasonable inferences in his favor, we nevertheless conclude that the summary judgment evidence conclusively establishes that Sanchez was adequately warned that he was entering an area with an ongoing activity that was creating a dangerous condition—a wet floor.

Under these facts, Stripes's warnings were adequate as a matter of law. *See Austin*, 465 S.W.3d at 204; *Brooks*, 303 S.W.3d at 925; *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 370 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

## D.    Addressing the Dissent

The dissent focuses on the changed condition of the floor—that the hallway floor immediately in front of the men's restroom door was dry when Sanchez entered but was wet when he exited the restroom. It asserts that "the condition addressed by the wet-floor sign did not exist at the time the warning was given." But the dispositive facts are undisputed: Sanchez saw the wet-floor warning sign before he entered the men's restroom, the video shows the wet-floor warning sign in the small hallway, Sanchez admitted that he saw a Stripes employee wet-mopping in the hallway—that Sanchez described as a "little hallway"—as he walked to the restroom, and as he exited the restroom, Sanchez slipped and fell on the wet floor within arm's reach of the warning sign. The dissent's view that the summary judgment evidence does not conclusively establish that the warning was adequate as a matter of law suggests that property owners' duty to "take safety measures that an ordinary, reasonable landowner would take," *see Austin*, 465 S.W.3d at 203–04, requires them to warn invitees on a square-foot by square-foot, minute-by-minute basis.

While we agree that circumstances involving greater distances and times could raise fact questions on the adequacy of a warning, the facts here do not. Sanchez does not cite, and we have not found, any precedent that requires such a granular warning. To the contrary, imposing such a granular warning standard would require property owners to "take safety measures beyond those that an ordinary, reasonable landowner would take." *Contra Austin*, 465 S.W.3d at 204; *accord Brooks*, 303 S.W.3d at 925; *Bill's Dollar Store*, 77 S.W.3d at 370.

**E.      Warning was Adequate**

Having considered the warning in the context of the totality of the circumstances, we conclude "the warning identifie[d] and communicate[d] the existence of the [wet floor] in a manner that a reasonable person would perceive and understand." *See Henkel*, 441 S.W.3d at 253; *see also Austin*, 465 S.W.3d at 203–04. Here, "the evidence conclusively establishes that [Stripes] adequately warned [Sanchez] of the condition, [and thus Stripes] was not negligent as a matter of law." *See Henkel*, 441 S.W.3d at 252; *see also Austin*, 465 S.W.3d at 204. Because the warning was adequate as a matter of law, we need not address whether the condition was open and obvious.

CONCLUSION

Under the facts of this case, where the area in question was relatively small, and the relevant time period was approximately two minutes, we conclude that Stripes met its burden to conclusively negate an element of Sanchez's premises liability claim. The summary judgment evidence conclusively establishes that Stripes placed a wet-floor warning sign in the hallway outside the restroom where Sanchez fell, Sanchez saw the sign before he entered the restroom, and he saw the Stripes employee wet-mopping the hallway floor—making previously dry areas of the hallway floor wet—before he exited the restroom and slipped and fell on the wet hallway floor.

Because Stripes met its burden to conclusively negate an essential element of Sanchez's claim, Stripes was entitled to judgment as a matter of law. The trial court properly granted summary judgment for Stripes, and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice