# NO. 12-18-00220-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FLOR REYES,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *BROOKSHIRE GROCERY COMPANY,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Flor Reyes appeals the trial court's summary judgment rendered in favor of Appellee Brookshire Grocery Company (BGC). In two issues, Reyes argues that the trial court erred in granting BGC's motion for summary judgment. We affirm.

### BACKGROUND

On June 20, 2015, between 4:15 p.m. and 4:30 p.m., Reyes entered a grocery store owned by BGC to shop with her family. While in the store, she began searching for a bottle of vitamin water to purchase. As she walked through the store between the checkout area and the store aisles, Reyes passed in front of an aisle end cap refrigerated display case. In front of the display case stood a three-and-one-half foot tall, four-sided, yellow sign, which read "CAUTION CUIDADO | WET FLOOR PISO MOJADO."[1] Almost immediately after she passed the sign, Reyes entered

---

[1] Earlier that day, BGC employees discovered a puddle of water, which resulted from a customer spill, in the entry to the aisle on the right side of the display case. They sought to dry the area with paper towels and placed the yellow "Caution" sign. That afternoon, approximately thirty minutes before Reyes's arrival, another patron slipped and fell in the aisle to the left of the refrigerated display case where Reyes later fell. BGC employees sought to clean up that area with paper towels and moved the yellow "Caution" sign to an area in front of the refrigerated display case, where it remained.

the aisle adjacent to the left side of the display case, slipped, fell, and sustained an injury, which required the attendance of emergency medical personnel.

Thereafter, Reyes filed the instant suit, in which she alleged that BGC was liable to her under theories including negligence and premises liability. BGC filed a traditional motion for summary judgment, to which Reyes responded. Ultimately, the trial court granted BGC's motion for summary judgment, and this appeal followed.

## SUMMARY JUDGMENT

In two issues, Reyes argues that the trial court erred in granting BGC's motion for summary judgment.[2]

**Standard of Review**

In reviewing a traditional motion for summary judgment,[3] we must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985), which are as follows:

> (1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

> (2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the [nonmovant] will be taken as true.

> (3) Every reasonable inference must be indulged in favor of the [nonmovant] and any doubts resolved in its favor.

*Nixon*, 690 S.W.2d at 548–49; *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied). A defendant moving for summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. *See Zimmer*,

---

[2] Reyes's first issue pertains to the admissibility of an exhibit containing video evidence. Reyes initially contended that this exhibit was not available to the trial court at the time BGC's motion was submitted. In her reply brief, Reyes informed this court that she was withdrawing this issue. As such, we do not address it.

[3] *See* TEX. R. CIV. P. 166a(c).

267 S.W.3d at 508. The only question is whether an issue of material fact is presented. *See id.*; *see also* TEX. R. CIV. P. 166a(c).

Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g.*, **City of Houston v. Clear Creek Basin Authority**, 589 S.W.2d 671, 678–79 (Tex. 1979). Summary judgment should be affirmed on appeal if any of the grounds presented in the motion are meritorious. *See* **Carr v. Brasher**, 776 S.W.2d 567, 569 (Tex.1989).

## Overview of the Law

Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises liability claim against the property owner. **Occidental Chem. Corp. v. Jenkins**, 478 S.W.3d 640, 644 (Tex. 2016); **Keetch v. Kroger Co.**, 845 S.W.2d 262, 264 (Tex. 1992). When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. **Jenkins**, 478 S.W.3d at 644. When the injury is the result of the property's condition rather than an activity, premises liability principles apply. **H.E. Butt Grocery Co. v. Warner**, 845 S.W.2d 258, 259 (Tex. 1992). Although premises liability is itself a branch of negligence law, it is a "special form" with different elements that define a property owner or occupant's duty with respect to those who enter the property. **W. Invs., Inc. v. Urena**, 162 S.W.3d 547, 550 (Tex. 2005). Under premises liability principles, a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances. **Jenkins**, 478 S.W.3d at 644; **Corbin v. Safeway Stores, Inc.**, 648 S.W.2d 292, 295 (Tex. 1983); **Smith v. Henger**, 226 S.W.2d 425, 431 (Tex. 1950).

## Negligent Activity

In part of her second issue, Reyes argues that the trial court erred in granting summary judgment in favor of BGC on her negligent activity cause of action.

A plaintiff cannot recover under a negligent activity theory unless the evidence demonstrates that her injury was caused by or was a contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity. *See* **Keetch**, 845 S.W.2d at 264; **Brooks v. PRH Investments, Inc.**, 303 S.W.3d 920, 923–24 (Tex. App.–Texarkana 2010, no pet.); **Kroger v. Persley**, 261 S.W.3d 316, 320 (Tex. App.–Houston [1st Dist.] 2008, no pet.);

3

***Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.***, 964 S.W.2d 144, 153 (Tex. App.–Texarkana 1998), *pet. denied*, 988 S.W.2d 740 (Tex.1998). The negligent activity theory of liability is applicable only where the evidence shows that the injuries were directly related to the activity itself. ***Keetch***, 845 S.W.2d at 264. If the injury was caused by a condition created by the activity rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. ***Lucas***, 964 S.W.2d at 153.

The Texas Supreme Court's decision in ***Keetch*** guides us in determining what evidence is needed to establish that an injury was the contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity. ***Keetch***, 845 S.W.2d at 264. In ***Keetch***, the plaintiff slipped and fell about thirty minutes after a Kroger employee sprayed a chemical substance on plants in the floral section of the store. *See id.* The supreme court rejected the plaintiff's contention that Kroger's employees were conducting a negligent activity because the activity—spraying plants—was not "ongoing" at the time of the plaintiff's injury. *See id.* Thus, while the plaintiff "may have been injured by a condition created by the spraying, . . . she was not injured by the activity of spraying." *Id.* In holding that underlying facts amounted to a premises liability case rather than a negligent activity case, the court noted that "[a]t some point, almost every artificial condition can be said to have been created by an activity." *Id.*

Similarly, in ***Stanley Stores v. Veazey***, the Beaumont Court of Appeals applied the ***Keetch*** analysis to another slip and fall case where the plaintiff alleged a negligent activity. *See **Stanley Stores, Inc. v. Veazey***, 838 S.W.2d 884, 885–86 (Tex. App.–Beaumont 1992, writ denied). In that case, while shopping, the plaintiff slipped on a clear liquid and fell to the floor. *See id.* at 885. The store manager found "a small puddle of water and a paper cup" in the area where the plaintiff slipped. *See id.* The cup was a small sample-type, similar to those being used at that time in promotion of a Pepsi–Cola display. *See id.* at 886. The Pepsi–Cola display was located near the front entrance of the store, away from the area where the plaintiff fell. *See id.* Applying the holding in ***Keetch***, the court held that the facts were insufficient to support a negligent activity claim. *See id.* The court explained that even assuming the evidence supported that the liquid which caused the fall originated from the Pepsi display, which was an ongoing activity, the slip and fall, which occurred in another part of the store still amounted to a condition created by the activity. *Id.*

Likewise, in ***Persley***, the court of appeals reversed the trial court and held that there was no evidence of negligent activity when the plaintiff slipped and fell by stepping in water that was allegedly dripped onto the floor when a store employee transported frozen food from pallets to the frozen food cases. *See **Persley***, 261 S.W.3d at 320–21. The court noted that there was no ongoing activity in the area where the plaintiff fell at the time the fall occurred and that the plaintiff fell at least fifteen minutes after the employee left the area; thus there was no connection between the injury and the stocking of the frozen foods section that would lead to a conclusion that the plaintiff's injury occurred as a contemporaneous result of a negligent activity. ***Id.*** at 320–21.

The facts of the instant case are similar to those in ***Keetch***, ***Stanley Stores***, and ***Persley*** in that the alleged negligent activities—failed attempts to prevent a display case from leaking and mopping up water puddles—were not ongoing at the time when and place where Reyes fell. BGC Assistant Manager Chris Jolee stated that a BGC employee tightened the drain plug on the display case and another employee used paper towels to mop up the spill. In the video, BGC employees can be seen mopping up a spill with paper towels in the area where Reyes ultimately fell and placing the warning sign approximately thirty minutes before the Reyes incident. No further BGC employee activity occurred in that area within that thirty-minute time span. Thus, there is no evidence that any alleged negligent activity itself caused Reyes's injuries or that her fall was contemporaneous with BGC employees' attempted drain plug tightening or floor clean-up efforts. Rather, the evidence indicates that Reyes slipped on a small puddle—a condition caused by some noncontemporaneous activity. Therefore, we hold that the trial court did not err in granting summary judgment on Reyes's negligent activity cause of action.

## Premises Liability

As part of her second issue, Reyes further argues that the trial court erred in granting summary judgment in favor of BGC on her premises liability cause of action.

"Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm." ***TXI Operations, L.P. v. Perry***, 278 S.W.3d 763, 764 (Tex. 2009); ***Golden Corral Corp. v. Trigg***, 443 S.W.3d 515, 518 (Tex. App.—Beaumont 2014, no pet.). "This duty is discharged by warning the invitee of unreasonable risks of harm either known to the owner or which would be known to him by reasonable inspection or by making the premises reasonably safe." ***Bill's Dollar Store, Inc. v. Bean***, 77 S.W.3d 367, 369

(Tex. App.–Houston [14th Dist.] 2002, pet. denied); *see also* **State v. Williams**, 940 S.W.2d 583, 584 (Tex. 1996).

When considering whether a warning is adequate, it must be considered "in context of the totality of the circumstances." **Henkel v. Norman**, 441 S.W.3d 249, 252 (Tex. 2014); **Sanchez v. Stripes LLC**, 523 S.W.3d 810, 813 (Tex. App.–San Antonio 2017, pet. denied); *see* **Del Lago Partners, Inc. v. Smith**, 307 S.W.3d 762, 774 (Tex. 2010). "[A] property owner's warning to an invitee of an unreasonably dangerous condition is adequate if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." **Henkel**, 441 S.W.3d at 253; *see* **Perry**, 278 S.W.3d at 765. "If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." **Henkel**, 441 S.W.3d at 252; *accord* **Austin v. Kroger Tex., L.P.**, 465 S.W.3d 193, 204 (Tex. 2015) ("[A] landowner who provides an adequate warning acts reasonably as a matter of law.").

In the instant case, it is undisputed that Reyes was BGC's invitee. Thus, BGC owed her a duty to keep its premises safe against known conditions that pose unreasonable risks of harm. *See* **Perry**, 278 S.W.3d at 764. BGC could discharge its duty by warning Reyes of unreasonable risks of harm known to it, or which would be known to it by reasonable inspection or by making the premises reasonably safe. *See* **Bean**, 77 S.W.3d at 369.

In **Golden Corral**, the plaintiff slipped on a tile floor near a tall, yellow sign that contained language warning of a wet floor. *See* **Golden Corral**, 443 S.W.3d at 517. The court held that there was no dispute that Golden Corral warned of the condition because surveillance video conclusively established that the tall yellow sign was present in the area when the plaintiff fell. *See id.* at 518. The court noted that the plaintiff testified that had she seen the sign, "[i]t would have warned [her] that there was a problem in the area where the cone was located." *Id.* Moreover, the court stated that the evidence at trial did not show that the risk was extreme since it did not show that before the plaintiff fell, other Golden Corral customers or employees had fallen in the same area, and there was no evidence showing that the floor was more slippery than might be expected from a wet floor. *See id.* Lastly, the court set forth that the surveillance videos admitted into evidence show a significant number of the restaurant's customers walking in the area near the sign without incident during a twenty-minute period before the plaintiff fell. *See id.*

6

Here, the evidence is undisputed that BGC undertook efforts to dry the area where Reyes later fell with paper towels and placed a three-and-one-half foot tall, four-sided, yellow sign, which warned of the wet floor in both English and Spanish. The evidence is undisputed that the sign was placed within three to five feet of the area where Reyes fell and that Reyes walked immediately in front of the sign before she fell after taking only a few steps more. Much like the evidence in *Golden Corral*, the evidence here reflects that had Reyes seen the sign, she would have understood the message it conveyed. And while the record demonstrates that another customer fell in the same area as Reyes, the video evidence conclusively establishes that, almost immediately after that incident, BGC employees cleaned the area with paper towels and placed the warning sign in the location where it stood when Reyes walked past it. During the approximately thirty-minute timeframe between BGC employees' placing the warning sign and Reyes's fall, the video evidence shows approximately forty other instances in which BGC patrons walk through the same area without incident.

After carefully reviewing the record, we conclude that the evidence conclusively establishes that BGC discharged its duty to Reyes because it adequately warned of the wet floor. *See id.* at 520. Therefore, we hold that the trial court did not err in granting BGC's motion for summary judgment on Reyes's premises liability claim.[4] Reyes's second issue is overruled.

## DISPOSITION

Having overruled Reyes's second issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[4] Because we have determined that the evidence conclusively establishes that BGC adequately warned of the danger, we need not consider Reyes's arguments concerning whether BGC had actual or constructive knowledge of the danger. *See* TEX. R. APP. P. 47.1(a).

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2019**

**NO. 12-18-00220-CV**

**FLOR REYES,**
Appellant
V.
**BROOKSHIRE GROCERY COMPANY,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 66,862)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*