# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2021

Lyle W. Cayce
Clerk

No. 20-10580

Wayne Johnson,

*Plaintiff—Appellant*,

*versus*

The Kroger Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-00371-E

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:*

Wayne Johnson appeals the district court's grant of summary judgment to The Kroger Company in this diversity action for damages resulting from a slip and fall at a Texas grocery store. Finding no error, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10580

## Facts and Procedural History

On October 7, 2018, Wayne Johnson was shopping in the Kroger store in Duncanville, Texas, when he slipped and fell. At the time of the accident, Johnson was walking near a refrigerated cooler that had been leaking. Kroger knew about the leaking cooler the night before the incident and had placed two yellow warning cones on the floor next to the leaking cooler. The cones included graphics of a stick figure slipping and warned "CAUTION" and "WET FLOOR" in English and Spanish. Johnson, who slipped and fell right next to the cones, does not dispute that he saw the cones. However, Johnson said a store employee directed him where to walk.

Johnson later filed suit against Kroger, alleging negligence predicated on a theory of premises liability, in Dallas County district court. Kroger removed to federal district court on the basis of diversity and moved for summary judgment asserting that it adequately warned Johnson of the wet floor. The district court granted summary judgment for Kroger, and Johnson subsequently filed this appeal.

## Standard of Review

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We must view all facts and inferences in the light most favorable to the nonmoving party. *McCarty*, 864 F.3d at 358.

No. 20-10580

## DISCUSSION

Johnson asserts that the district court erred by: finding that the cones presented an adequate warning while ignoring the fact that the water on the floor continued to expand in size; failing to allow Johnson the benefit of proportionate responsibility; and failing to consider Kroger's admission that it failed to use a "snake," which would have been feasible and was standard practice.[1]

Kroger asserts that its duty is to warn against or make safe a dangerous condition, but not both. Kroger also asserts that it provided adequate warning to Johnson and had no duty to provide further warning.

In his deposition, Johnson testified that he medically retired from Firestone Polymers in June 2012 because of a back injury from a slip and fall at work on August 30, 2010. Johnson said he suffered from a herniated disc and had surgery prior to the Kroger fall. At the time of the Kroger fall, Johnson was under the care of Dr. Berliner for his previous back injury, which was continuing to cause pain that radiated down his right leg when he walked and required him to take pain medication.

Johnson testified that he went to the store early in the morning to get butter for breakfast and an employee pointed him in the direction of the dairy section. Johnson slipped and fell on his way to get the butter, and hit his right knee, back and right shoulder. There is no indication that any employee told him specifically where to walk. The record establishes that Johnson determined where to walk based on where the cones were positioned, indicating he clearly saw the cones. Johnson testified that he was "walking straight. I was trying to get to the butter aisle" and "I was looking straight.

---

[1] "Snakes" or "socks" are water-absorbing devices placed up against the cooler.

Not looking down at the floor." Thus, Johnson did not see the water on the floor where he fell.

Andrea Landry, the store manager, testified in her deposition that there were spill pads up against the cooler at the time of Johnson's fall, indicating that employees had previously attempted to wipe up any water. Landry also testified that she believed there was a sock or snake in front of the cooler at the time of the fall because "typically it's a standard practice" along with putting up "wet floor" signs. However, later Landry testified that she was not certain whether a sock or snake or spill pads were used. Photos and video do not show the presence of any absorbent materials at the time of the fall.

Under Texas law, a premises owner has "a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Further, to prevail on a premises-liability claim, Johnson must establish:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel*, 441 S.W.3d at 251-52; *see also Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202-03 (Tex. 2015). "The third element is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe." *Henkel* at 252.

The issue here is whether the cones provided adequate warning of the condition. If so, then Kroger was not negligent as a matter of law. *See id.*

No. 20-10580

"To be adequate, a warning must be more than a general instruction such as 'be careful'; the warning must notify of the particular condition." *Id.* The adequacy of the warning turns on whether the action was "reasonably prudent under the circumstances." *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009). In *TXI*, a speed limit sign was an inadequate warning of a pothole. *Id.*; *see also State v. McBride*, 601 S.W.2d 552, 556-57 (Tex.Civ.App.-Waco 1980) (cones, barrier and signs warning "35 MPH" and "SLOW" were inadequate to warn of muddy and slick construction area).

However, in *Henkel*, a homeowner telling a mail carrier "don't slip" was adequate to warn him of an icy sidewalk. 441 S.W.2d at 250; *see also Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 520 (Tex.App.-Beaumont 2014) (wet floor sign was adequate to warn of wet floor); *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex.App.-Texarkana 2010) (wet floor sign and verbal warning to "be careful" by employee mopping adequate to warn of wet floor); and *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 370 (Tex.App.-Houston [14th Dist.] 2002) (warning by cashier to "watch the wet spot" adequate warning of spill).

Here, the two warning cones included graphics of a stick figure slipping and warned "CAUTION" and "WET FLOOR" in English and Spanish. The district court found that to be an adequate warning. Based on the Texas cases cited above, we agree that the warning cones adequately warned Johnson of the wet floor. *See Henkel*, 441 S.W.3d at 250; *see also Trigg*, 443 S.W.3d at 520. Further, Johnson acknowledges that he saw the warning cones. Indeed, Johnson fell right next to the cones. But, despite seeing the warning cones, Johnson also acknowledged that he did not look down to see where the floor was wet. There is no authority for Johnson's assertions that Kroger had to also provide a verbal warning of the wet floor or that a third cone or different configuration was necessary. Moreover, the

5

record indicates an employee merely pointed Johnson toward the aisle containing the butter and did not instruct him where to walk to get there. While an additional verbal warning may have been beneficial, there is no requirement of such. Likewise, although a snake or sock likely would have absorbed some or all of the water, Kroger has no duty to simultaneously warn and take reasonable actions to make the hazard safe. *Henkel* at 252. Thus, Johnson's alternative arguments regarding "necessary use" and "contributory negligence" are without merit and we need not discuss Kroger's waiver arguments.

Because the district court did not err in granting Kroger's motion for summary judgment to Kroger, we AFFIRM.