# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

————————

No. 23-20081

————————

Elizabeth Watson, *also known as* Elizabeth Jackson,

*Plaintiff—Appellant*,

*versus*

Fiesta Mart, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2312

_____

Before Jones, Barksdale, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Elizabeth Watson slipped on an oily substance and fell while shopping at a grocery store owned and operated by Defendant Fiesta Mart, L.L.C. Watson suffered injuries from her fall and sued Fiesta Mart. Fiesta Mart moved for summary judgment, claiming it could not be held liable because it placed a conspicuous warning sign in the area of the oily substance.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-20081

The district court agreed with Fiesta Mart and granted it summary judgment. Watson appeals from that judgment. We AFFIRM.

## I. Background

On June 7, 2019, Elizabeth Watson visited a Fiesta Mart grocery store in Houston, Texas, to shop for merchandise. On that date, an unknown customer dropped a bottle of vegetable oil, causing vegetable oil to spill onto an area of the floor in one of the store's aisles.

Approximately seventeen minutes after the spill occurred, Ronald Baker, a Fiesta Mart employee, placed a yellow hazard cone ("hazard cone")[1] in the area of the spill.[2] For the next fifteen minutes, customers walked past the hazard cone without slipping on the vegetable oil.

Then, Watson entered the aisle. There were four customers in the aisle when Watson entered; two were stopped at the end of the aisle at which Watson entered and two others were walking towards Watson as she entered. Shortly after passing the two customers walking towards her, Watson slipped on the vegetable oil and fell. Watson admits, and video evidence confirms, that after passing the two oncoming customers, she had an unobstructed view of the hazard cone before slipping and falling. But according to Watson, she

---

[1] Watson describes the hazard cone as a "wet floor sign."

[2] Baker also called for an employee to clean the vegetable oil, as did the store manager. Watson states, and video evidence confirms, that an employee with cleaning supplies walked past, but not into, the aisle in which the spilled oil was located. It is unclear whether that employee was aware of the spilled oil. Other than the calls for cleanup made by Baker and the store manager, Watson points to no other evidence showing or even suggesting the employee was aware of the spilled oil.

No. 23-20081

did not see the hazard cone because she was scanning the shelves for vegetable oil to purchase.

Watson alleges she sustained a broken wrist and injuries to her left knee, left ankle, hip, lower back, and left leg as a result of slipping and falling at Fiesta Mart. Watson sued Fiesta Mart for negligence in Texas state court, claiming that Fiesta Mart was liable to her for these injuries. Watson later clarified she sought to recover from Fiesta Mart under a theory of premises liability.

Fiesta Mart removed the case to federal court[3] and moved for summary judgment. The district court granted summary judgment for Fiesta Mart, having concluded there was "no genuine dispute of material fact as to whether [Fiesta Mart] discharged its duty and adequately warned [Watson] of the spill." Watson appeals from this judgment.

## II. Discussion

"This court 'review[s] summary judgment de novo, applying the same legal standards as the district court.'" *Ryder v. Union Pac. R.R. Co.*, 945 F.3d 194, 199 (5th Cir. 2019) (quoting *Prospect Cap. Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 756–57 (5th Cir. 2016)) (alteration in original). Under those legal standards, granting summary judgment is proper only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

As indicated above, Watson claims that Fiesta Mart is liable to her for her injuries under a theory of premises liability. To prevail on a premises liability claim under Texas law, an invitee must prove "that (1) a condition of

---

[3] In removing the case to federal court, Fiesta Mart invoked the district court's diversity jurisdiction.

3

the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee." *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). The third element is the only element at issue in this appeal.  Under that element, a landowner has a duty to his invitees to "make [his premises] safe *or* warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015) (emphasis added).  Critically, "the landowner *need not do both*"—i.e., eliminate the danger and warn of it—and "can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains."  *Id.* (emphasis added).

There is no dispute that a Fiesta Mart employee placed the hazard cone in the vicinity of the spilled oil before Watson slipped on it.  Therefore, the central issue on appeal is whether there is any genuine dispute the hazard cone adequately warned Watson of the vegetable oil on the floor before she slipped and fell.

A landowner's duty to warn of danger on his premises is "limited to a duty to exercise ordinary, reasonable care." *Id.*; *see also TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009) ("Premises owners and occupiers owe a duty to . . .'take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition.'" (quoting *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983))).  "Thus, a defendant has 'no duty' to take safety measures beyond those that an ordinary, reasonable landowner would take." *Austin*, 465 S.W.3d at 204.

To be sure, "[w]hat a reasonable landowner would do is often a jury question." *Id.* But not always. *Id.* Indeed, the Texas Supreme Court "has recognized that, in most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law." *Id.* "[A]bsent special circumstances . . . , a property owner's warning to an invitee of an unreasonably dangerous condition is adequate if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Henkel v. Norman*, 441 S.W.3d 249, 253 (Tex. 2014). For a warning to be adequate under Texas law, perfection is not required. *See, e.g.*, *Cruz v. W. H. Braum, Inc.*, No. 21-40477, 2022 WL 325469, at *3 (5th Cir. Feb. 3, 2022) (per curiam); *Henkel*, 441 S.W.3d at 252–53; *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518–20 (Tex. App.— Beaumont 2014, no pet.); *cf. Gen. Motors Corp. v. Saenz ex rel. Saenz*, 873 S.W.2d 353, 360 (Tex. 1993) ("Plaintiffs' argument that the warning could have been more prominent does not prove that it was not prominent enough. Every warning can always be made bigger, brighter and more obvious."). When a warning is adequate as a matter of law in a premises liability case, entering judgment for the defendant is appropriate. *See, e.g.*, *Cruz*, 2022 WL 325469, at *3; *Henkel*, 441 S.W.3d at 252–53 ("If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law.").

Watson does not point to any evidence showing that a particular characteristic of the hazard cone was deficient and that the deficiency resulted in the hazard cone failing to communicate a dangerous condition in a manner that a reasonable person would perceive and understand. For example, she does not contend the message conveyed on the hazard cone failed to adequately warn her of the vegetable oil on the floor. *See TXI*

*Operations, L.P.*, 278 S.W.3d at 765 (holding a warning sign was not adequate as a matter of law because it "it neither informed the driver of road hazards generally, nor did it identify the particular hazard that [the defendant] says the sign was meant to warn against" (citing *State v. McBride*, 601 S.W.2d 552, 554, 556–57 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.))). Instead, she simply argues the sign was deficient because she was "looking at the shelf for the merchandise" and did not see the sign. But merely failing to see a conspicuous warning sign before sustaining injury is insufficient to defeat a motion for summary judgment on a premises liability claim. *See Cruz*, 2022 WL 325469, at *3; *see also Trigg*, 443 S.W.3d at 520 (reversing jury's verdict for the plaintiff and rendering judgment for the defendant where "the evidence conclusively established that [the defendant] warned of the wet floor and that the warning was adequate").

Our decision in *Cruz* is instructive. There, the plaintiff slipped and fell at the defendant's dining establishment. *Cruz*, 2022 WL 325469, at *1. Before slipping and falling, the plaintiff did not see the "wet floor" sign, even though "nothing blocked her view of it" and she "walked right past" it. *Id.* at *1, *3. Other than not seeing the sign, the plaintiff "present[ed] no additional evidence that the warning was inadequate." *Id.* at *3. As such, we held that the warning sign was "adequate as a matter of law" and that granting the defendant summary judgment on the plaintiff's premises liability claim was proper. *Id.*

The circumstances here are nearly identical to those in *Cruz*. To be sure, a few passing customers *temporarily* obstructed Watson's view of the hazard cone. But Watson admits in her opening brief that "[a]fter passing the other customers, there was *nothing* between [her] and the yellow hazard cone," and she does not dispute she "had an unobstructed view of the yellow hazard cone as she continued to walk directly towards it for at least six steps

No. 23-20081

before stepping on the spill, slipping, and falling." (Emphasis added.) Video evidence confirms Watson's admission.

Because Watson points to no relevant evidence showing the hazard cone was inadequate, there is no genuine dispute over its adequacy. Thus, the hazard cone provided an adequate warning as a matter of law, and Fiesta Mart is entitled to summary judgment on Watson's premises liability claim. AFFIRMED.