# United States Court of Appeals for the Fifth Circuit

No. 24-20512

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

Elizabeth Caballero,

*Plaintiff—Appellant*,

*versus*

Walgreens Company, *Individually*, *doing business as* Walgreens #7560,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1169

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Elizabeth Caballero brought this premises liability suit after she slipped and fell in a Walgreens store. The District Court for the Southern District of Texas granted summary judgment in Walgreens's favor, finding a wet-floor sign provided an adequate warning as a matter of law. Caballero appeals. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20512

We review the district court's grant of summary judgment *de novo*. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). Summary Judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Texas law applies to this diversity case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To succeed on a premises liability claim under Texas law, a plaintiff must show that

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014). The parties dispute element three.

"If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Id.* at 252. A warning is adequate when, "given the totality of the surrounding circumstances, [it] identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Id.* at 253. "A warning of the specific material causing a condition is not required, so long as the existence of the condition itself is conveyed." *Id.* at 252.

Because of its similar facts, we find particularly relevant the state court of appeals decision in *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515 (Tex. App. — Beaumont 2014, no pet.). We will consider an intermediate state court decision such as *Golden Corral* to be "the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state

2

supreme court would reject the lower court[’s] reasoning.” *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780–81 (5th Cir. 2016). There, as here, a yellow warning sign had been placed near the part of the floor that was wet. *Golden Corral*, 443 S.W.3d at 517. Though the plaintiff testified she did not see the sign and it should have been better located, a surveillance video showed the sign in the area of the moisture on the floor. *Id.* at 518. One distinction is that the video in *Golden Corral* showed that after the warning sign was placed, other customers had walked safely through that area. *Id.* Here, Caballero was the first person to walk through that area after the sign was placed. Regardless of that difference, the sign in each case was placed in a location where it could readily be seen by customers. That was enough in *Golden Corral*. *Id.* at 519.

The parties agree that Walgreens placed a warning cone in the isle near where Caballero slipped and fell. Record evidence, including a video of the incident, confirms that a large yellow warning cone was in the immediate vicinity. No obstruction prevented Caballero from seeing the warning sign. Walgreens’s wet-floor sign was sufficient as a matter of law because it was in the immediate vicinity of the hazard, and it gave reasonable notice of the hazard.

AFFIRMED.