# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00063-CV

---

### Haymanot Gelaw, Appellant

### v.

### Shahi Foods, Appellee

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006022, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This appeal arises out of a personal-injury lawsuit brought by Haymanot Gelaw. Gelaw appeals from an order granting summary judgment to Shahi Foods (Shahi) on her premises-liability claim. We will affirm.

### FACTUAL BACKGROUND[1]

On October 14, 2016, Gelaw was shopping at Shahi Market and Café in Austin when she allegedly slipped and fell. Earlier that day, Steven Hussein, a store employee, had noticed a puddle on the floor formed by a frozen box of fish defrosting on one of the shelves. According to Hussein, he placed a yellow warning sign on the area and mopped up the puddle.

---

[1] We take this factual description from the pleadings and the undisputed summary-judgment evidence.

A short time later, Gelaw entered the store with her husband and son. Gelaw followed her son into an aisle and slipped and fell on her back. When she fell, Gelaw lost consciousness for a short time. Gelaw later testified that she did not remember seeing any warning signs prior to the fall.

Gelaw sued Shahi Foods, the owner of Shahi Market and Café, in Travis County district court for negligence. In October 2019, Shahi moved for summary judgment on Gelaw's premises liability claim and attached evidence, including an affidavit executed by Hussein. The affidavit included stills from a security camera depicting Gelaw's fall. A yellow slip-and-fall warning sign is visible in front of her.

Gelaw filed a response with attached exhibits, including a transcript of her deposition. In her response, Gelaw contested the validity of Hussein's affidavit. Specifically, she argued that Hussein's assertion that he possessed "personal knowledge of all facts contained within this affidavit, and all such facts are true and correct to the best of my knowledge" was inadequate to establish that such facts were within his personal knowledge. Gelaw further argued that without the affidavit, there is a genuine issue of material fact regarding whether Shahi failed to warn her of a dangerous condition on its premises.

After considering the pleadings and evidence before it, the district court overruled Gelaw's objections to Hussein's affidavit and granted Shahi's motion for summary judgment. Gelaw now appeals.

## STANDARD OF REVIEW

This Court reviews a trial court's summary judgment de novo. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper only

2

when the movant establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). In deciding whether a fact issue exists, we take evidence favorable to the nonmovant as true and indulge every reasonable inference, resolving all doubts in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). A defendant who moves for summary judgment must disprove at least one essential element of the plaintiff's cause of action. *Melton v. CU Members Mtg.*, 586 S.W.3d 26, 30 (Tex. App.—Austin 2019, pet. denied).

This Court reviews a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it fails to follow guiding rules and principles. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009).

**PERSONAL KNOWLEDGE**

In her first issue, Gelaw reiterates her objection to Hussein's affidavit. Summary judgment affidavits must "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f); *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). "An affiant's belief about the facts is legally insufficient." *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). Gelaw argues that Hussein's swearing that all the facts in the

3

affidavit "are true and correct to the best of [his] knowledge" is insufficient to demonstrate his personal knowledge of the alleged facts. However, an affidavit need not specifically state that it is based on personal knowledge if its contents show the affiant was speaking from personal knowledge. *See Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (holding that it was "clear from reading the entire affidavit" that affiant was testifying from personal knowledge); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Youngblood v. U.S. Silica Co.*, 130 S.W.3d 461, 468–69 (Tex. App.—Texarkana 2004, pet. denied). In the affidavit here, Hussein states that he "observ[ed] the liquid" on the floor, "placed a yellow warning sign in the area" to warn customers, and then "cleaned the area." Later, "he observed [Gelaw] laying on [sic] the floor." The specificity of these statements show that Hussein spoke from personal knowledge of the relevant facts alleged in his affidavit. *See Valenzuela v. State & Cty. Mut. Fire Ins.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (explaining that statements in affidavit "need factual specificity such as place, time, and exact nature of the alleged facts"). The district court therefore did not abuse its discretion in admitting the affidavit.

**PREMISES LIABILITY**

In her second issue, Gelaw contends the district court erred by granting summary judgment on her premises-liability claim. To prevail on a premises-liability claim against a property owner, an invitee[2] must prove: (1) the property owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of

---

[2] There is no dispute that Gelaw was an invitee. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) (observing that grocery store patron is classified as invitee); *In re HEB Grocery Co.*, 375 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (same).

4

harm to the invitee; (3) the property owner did not exercise reasonable care to reduce or to eliminate the risk; and (4) the property owner's failure to use such care proximately caused the invitee's injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). Gelaw argues that there is a genuine issue of material fact regarding whether Shahi failed to provide adequate warning of the wet floor. We disagree.

A property owner has a duty to exercise reasonable care to make the premises safe for invitees. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). The owner can discharge this duty by eliminating or mitigating a dangerous condition so that it is no longer unreasonably dangerous or by providing adequate warning of the danger even if the unreasonably dangerous condition remains. *Id.* at 202–03; *see TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009) (observing that TXI Operations could have satisfied its duty by either repairing pothole or providing adequate warning sign). In this case, Gelaw argues "there were no signs or indicators warning any of the store customers about the wet floor" and points to her testimony to that effect. However, Gelaw never testified that the warning sign was not present. Instead, she testified that she "didn't pay any attention" and "didn't see any warning signs there" because her "attention was on [her] son." Gelaw lost consciousness after the fall and does not remember whether the warning sign was there. On the other hand, the stills from the security footage attached to Hussein's affidavit show that he placed a yellow warning sign on the floor. On these facts, we conclude there is no genuine issue of material fact that Shahi adequately warned her of the danger. *See Reyes v. Brookshire Grocery Co.*, 578 S.W.3d 588, 593-94 (Tex. App.—Tyler 2019, no pet.) (holding, in premises-liability case, that yellow warning sign negated plaintiff's claim that the property owner failed to warn invitees). We therefore affirm the district court's granting of summary judgment in Shahi's favor.

## CONCLUSION

We overrule Gelaw's issues and affirm the district court's grant of summary judgment.

_____
Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   August 26, 2020

6