# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 21-40477

Amanda Cruz,

*Plaintiff—Appellant*,

*versus*

W. H. Braum, Incorporated, *also known as* Braum's #266,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-217

Before Owen, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

In June 2018, Plaintiff-Appellant Amanda Cruz visited an establishment of Defendant-Appellee W.H. Braum, Inc. ("Braum's") for

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40477

lunch.[1] After ordering food, Cruz walked over to the drink machine. Cruz walked by a yellow "wet floor" sign that was deployed in front of the drink machine, but she did not see it. Nothing blocked her view of the sign. As Cruz approached, she slipped and fell. Cruz did not see or otherwise identify any wet substance on the floor before her fall. Neither did she notice whether her clothes were wet after she fell, save for her shoes which, she testified, "looked like they were wet" on the bottom.

Almost two years later, Cruz sued in Texas state court, seeking monetary damages under both negligence and premises liability theories. After removal and discovery, Braum's moved for summary judgment under Federal Rule of Civil Procedure 56. The district court granted that motion. *Cruz v. Braum's, Inc.*, No. 6:20-CV-00217, 2021 WL 979610, at *1 (E.D. Tex. Mar. 16, 2021). First, the district court held that Cruz's claims could only be classified as premises-liability claims under Texas law.[2] *Id.* Next, the court held that Cruz had not provided any evidence that there was a dangerous condition present on the floor where she slipped, so the premises-liability claim failed. *Id.* at *3. Third, and in the alternative, the court held that Braum's had adequately warned of any dangerous condition that may have existed because there was a "yellow floor sign[] reading 'CAUTION' near the [site of the] incident." *Id.* Because Cruz has waived her argument that the district court erred in holding that she failed to present adequate evidence of a dangerous condition, and because Braum's adequately warned of a wet-floor condition even if it did exist, we AFFIRM.

---

[1] A video camera recorded the events at issue in this case. That recording is available at: https://www.ca5.uscourts.gov/opinions/unpub/21/21-40477.mp4.

[2] Neither party disputes that holding here.

No. 21-40477

I

We review the district court's grant of summary judgment de novo and affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Braum's bears the burden of demonstrating that there is no genuine dispute of material fact. *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021). It carries that burden if it can demonstrate that Cruz has completely failed to prove "an essential element of [her] case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *see Coleman v. BP Expl. & Prods., Inc.*, 19 F.4th 720, 726 (5th Cir. 2021). We construe all the evidence and make all reasonable inferences in the light most favorable to Cruz. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

II

Because this is a diversity case, Texas substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). In Texas, a premises-liability claim is "based on the [premises] owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). To succeed on a premises-liability claim, a plaintiff must prove that:

> (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee.

*Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (citation omitted).

Here, only the first and third elements are disputed. As to the first, "[a] condition poses an unreasonable risk of harm for premises-[liability] purposes when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (cleaned up).[3] As to the third, a party can exercise ordinary care to protect an invitee "by providing an adequate warning of the danger." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015) (gathering cases).

## III

The primary basis for the district court's grant of summary judgment was that Cruz "ha[d] provided no evidence going towards the presence of a dangerous condition on [the] defendant's floor." *Cruz*, 2021 WL 979610, at *3. This primacy makes it all the odder that Cruz's opening brief fails to dispute that holding.

Because Cruz has not adequately briefed her objection to the district court's holding that she presented inadequate evidence of a condition that posed an unreasonable risk, that argument is waived.[4] *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010). To "adequately raise [an] issue" on appeal, briefing on that issue must be more than "an afterthought." *Id.* A

---

[3] Texas courts sometimes refer to these cases as "premises-defect" cases, but the upshot is the same. *See Brown*, 80 S.W.3d at 556.

[4] Cruz did not file a reply brief, but even if she did, it would not matter. Arguments raised for the first time in a reply brief are waived. *CenturyTel of Chatham, LLC v. Sprint Commc'ns Co.*, 861 F.3d 566, 573 (5th Cir. 2017).

party may not merely "mention[] [it] in the questions presented and the summary of argument" without "discuss[ing] it in any depth." *Id.*

Here, Cruz's argument that she presented adequate evidence of a dangerous condition to survive summary judgment is an afterthought. Her brief intimates that the district court erred in its primary holding but it never presses that argument. *See id.* (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x. 472, 483 (5th Cir.2009) (unpublished) (summarizing this circuit's caselaw on adequate briefing)). Outside of a few passing references, Cruz's entire brief is dedicated to whether Braum's had adequately warned Cruz of the dangerous condition. The sole substantive argument Cruz raises is that, by deploying a "wet floor" sign, Braum's somehow "admits" that the floor was wet at the time Cruz slipped and fell. Cruz supplies no citation to either the record or relevant caselaw supporting this assertion. The cases Cruz *does* cite—aside from those merely stating the standard of review—are one Fourth Circuit case applying North Carolina law, in which the only dispute was whether the defendant had adequately warned of a dangerous condition, *Casas v. Wal-Mart Stores, Inc.*, 201 F.3d 435, *2 (4th Cir. 1999) (table) ("The primary issue is whether the warning given was adequate under the circumstances"), and one unpublished Fifth Circuit case in which there was no dispute over whether a dangerous condition existed. *Johnson v. Kroger Co.*, 841 F. App'x 688, 690 (5th Cir. 2021) (per curiam) ("The issue here is whether the cones provided adequate warning of the condition"). Neither case is relevant to whether Cruz presented sufficient evidence of the existence of a dangerous condition to survive summary judgment.

IV

Assuming arguendo both that Cruz has not waived her argument that the district court erred on the first element and that Cruz presented sufficient

No. 21-40477

evidence of a dangerous condition to survive summary judgment, we agree with the district court that Braum's exercised ordinary care to protect Cruz from the danger by warning her of it. *See Cruz*, 2021 WL 979610, at *3. Video footage confirms the presence and location of a yellow wet floor sign,[5] in a deployed position, in front of the drink machine before Cruz approached. Cruz walked right past that sign, within a few feet of it, and fell within the immediate vicinity. Cruz testified that she did not see the sign, but that nothing blocked her view of it.

This warning is adequate as a matter of law. *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518–520 (Tex. App. 2014) (overturning a jury verdict for plaintiff and holding that it is immaterial whether the plaintiff saw the warning when "the sign was displayed in a location that gave [plaintiff] reasonable notice of the hazard"); *see Sanchez v. Stripes LLC*, 523 S.W.3d 810, 814 (Tex. App. 2017) (rejecting an argument that a wet floor sign placed in a hallway outside a bathroom was inadequate to warn of wet bathroom floor because it was not placed in front of the bathroom door); *see also Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 360 (Tex.1993) ("[A]rgu[ing] that the warning could have been more prominent does not prove that it was not prominent enough. Every warning can always be made bigger, brighter and more obvious"). Cruz presents no additional evidence that the warning was inadequate and only cites one case finding inadequate warning. *See Casas*, 201

---

[5] It is unclear from the video footage what the sign actually said, but Cruz appears to concede that it was "a wet-floor sign" and relied on that characterization before the district court. Likewise, the district court found that the sign "read[] CAUTION," and the parties do not dispute that finding on appeal. *Cruz*, 2021 WL 979610, at *3. Thus, we assume that the sign was a caution sign that warned specifically of a wet floor. *See Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014) (holding that "warning[s] must notify of the particular condition").

No. 21-40477

F.3d at *1. That case is inapposite.[6] Cruz has therefore failed to present adequate evidence on the third element of her Texas premises-liability claim and summary judgment is appropriate.

V

Because Cruz has inadequately briefed her argument that the district court erred in granting summary judgment as to the first prong of her Texas premises-liability claim, that argument is waived. Because that argument is waived, the district court's holding stands unchallenged. That unchallenged holding compels summary judgment in favor of Braum's. In the alternative, the district court correctly held that the warning sign Braum's placed provided adequate warning of a wet floor. Thus, we AFFIRM.

---

[6] To begin, Fourth Circuit cases are not binding on this court. Next, the Fourth Circuit applied North Carolina law, whereas we are applying Texas law. *Casas*, 201 F.3d at *1. Finally, in *Casas* there was conflicting testimony about the "number, location, and type of warnings." *Id.* at *2. There is no similar dispute here.